308 So.2d 921 (1975)
Ralph (Robert) WORTHY
v.
STATE of Mississippi.
No. 48273.
Supreme Court of Mississippi.
March 3, 1975.
Don H. Evans, L.J. Lee, Jackson, for appellant.
A.F. Summer, Atty. Gen., by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
SMITH, Justice:
Ralph (Robert) Worthy was tried in the Circuit Court of Winston County upon an indictment charging him with a sale of marijuana, a controlled substance, on June 9, 1972. He was convicted, and was sentenced to serve a term of four years in the penitentiary. He has appealed here.
On the date of the offense, Worthy was 17 years of age. He was 18 at the time of his trial. This was a first offense.
On the afternoon before trial, and on the day of the trial, Worthy's counsel filed several motions. Among them were a motion for a psychiatric examination of Worthy, a motion to produce evidence, *922 a motion for change of venue and a motion for a continuance. When the case was called, the trial judge asked defense counsel if he desired to submit any proof on any of the motions and he responded that he did not, and none was offered. Nevertheless, the court allowed counsel to discuss orally each of the motions at considerable length. Thereafter, the motions were overruled. This action of the court is assigned as reversible error. Without burdening this opinion unduly, it should be pointed out that the filing of the motions was not timely and that their allegations were supported by no proof whatever. The motions for change of venue and for a continuance failed to comply with statutory requirements in any respect. They were supported neither by proof nor affidavit. Moreover, following conviction, a motion for a new trial sought to raise the same questions again, but again there was no proof nor offer of proof to support appellant's contentions with respect to them. As to the continuance sought because of "absent witnesses," no subpoena had been requested or issued for them until the afternoon before trial. And, on motion for a new trial, appellant neither produced the witnesses nor their affidavits nor any statement as to what their testimony would have been if they had been present, nor offered any excuse for failure to do so. The trial court did not err in denying these motions under the circumstances disclosed by the record.
Several other matters assigned and argued as having constituted prejudicial error also have been examined and there is no merit in appellant's contentions as to them.
The sole defense offered at the trial was that of entrapment. Appellant, testifying as a witness in his own behalf, admitted the act of selling the marijuana but said that he had done so to accommodate, and at the instance of, another. He said that he got none of the money, although there was a dispute as to whether it had been paid to him or not. The defense theory of entrapment was duly submitted to the jury by the trial court in three separate instructions. There was sufficient evidence to support the jury's rejection of this defense. We find no prejudicial error in the trial of the case and therefore the conviction appealed from must be affirmed.
However, although not assigned, we feel bound to notice a plain error. The sentence imposed was unauthorized by law, under the circumstances of this case, and must be set aside and the case remanded for imposition of a proper sentence.
The offense charged is defined and proscribed by Mississippi Code Annotated Section 41-29-139(c) (Supp. 1974), which provides:
(c) Except as authorized by this article, it is unlawful for any person to sell, barter or transfer a controlled or counterfeit substance for money or for other consideration.
In Applegate v. State, 301 So.2d 853 (Miss. 1974), this Court noted the legislative declaration of public policy which appears in the Uniform Controlled Substances Law:
(g) It is the intent and purpose of the legislature to promote the rehabilitation of persons convicted of offenses under the Uniform Controlled Substances Law by providing for incarceration of such persons in facilities separate from the state penitentiary and the several county jails or county farms. (Emphasis added). (Miss. Code Ann. § 41-29-150(g), (Supp. 1973)).
(301 So.2d at 855).
As noted, at the time of the offense, Worthy was only 17 years of age. There was impressive testimony as to his previous good character. He was an "A" and "B" student, president of the student body at Louisville High School, worked four or five nights a week at a radio station, was captain of the football team and was a student at Jackson State College.
*923 Subsection (c), Mississippi Code Annotated Section 41-29-150 (Supp. 1974), provides:
(c) Any person who has not reached his twenty-first (21st) birthday, who is convicted of a first offense under subsections (d) or (e) of section 41-29-139, and who is sentenced to a period of confinement shall be confined at the Mississippi State Hospital at Whitfield, Mississippi, or at the East Mississippi State Hospital at Meridian, Mississippi, for the term of such sentence. Those persons so confined at said institutions shall be required to abide by all reasonable rules and regulations promulgated by the director and staff of said institutions. Any persons so confined who shall refuse to abide by said rules or who attempt an escape or who shall escape, shall be transferred to the state penitentiary or to a county jail, where appropriate, to serve the remainder of the term of imprisonment; this provision shall not preclude prosecution and conviction for escape from said institutions. (Approved May 19, 1972).
Subsection (d) of the same section provides the penalty which shall be imposed, under the undisputed circumstances of this case, as follows:
(d) Any person who has not reached his twenty-first (21st) birthday and who is convicted of a first offense under subsections (a), (b), or (c) of section 41-29-139, shall, or of a second or subsequent offense under subsections (d) or (e) of section 41-29-139, in the discretion of the court, may be confined under the terms set out in subsection (c) above for all or any portion of the sentence imposed. (Emphasis added).
While there may be said to be a patent ambiguity created by the concluding words of the above quoted provision, we think the legislative intent is manifest when it is read in conjunction with subsection (c) of Mississippi Code Annotated Section 41-29-150 (Supp. 1974). The legislative purpose is further clarified by the legislative declaration of a public policy directed toward rehabilitation of juvenile first offenders. To give effect to the legislative intent and purpose, therefore, section (d), quoted above, must be construed as a mandatory requirement that juvenile first offenders, convicted under (a), (b), or (c), supra, shall be sentenced to confinement in Mississippi State Hospital at Whitfield or East Mississippi State Hospital at Meridian, "facilities separate from the state penitentiary or several county jails or county farms."
The rule stated by this Court in Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944), and quoted with approval in Johnson v. State, 260 So.2d 436, 439 (Miss. 1972), supports this conclusion:
The case, then, is one for the application of the rule that when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment. See cases cited 24 C.J.S. Criminal Law § 1979, p. 1193, under Note 75. And under the attempt statute Section 793, Code 1930, Section 2017, Code 1942, no greater punishment may be administered than that prescribed for the actual commission of the offense attempted. (196 Miss. at 586, 17 So.2d at 527).
We note, in passing, that the jury, in returning its verdict, appended the following recommendation addressed to the trial judge: "We ask the judge to have mercy in his sentence."
In view of the circumstances of this case, and the mandatory provisions of the Uniform Controlled Substances Law, quoted above, the sentence imposed on Worthy, a juvenile first offender, must be set aside and annulled and the case remanded to the trial court, to be dealt with as provided in subsections (c) and (d), Mississippi Code Annotated Section 41-29-150 (Supp. 1974).
*924 The conviction appealed from will be affirmed. The case is remanded in order that sentence may be imposed for appellant's confinement at Mississippi State Hospital at Whitfield or East Mississippi State Hospital at Meridian for such period as the trial court, in the exercise of its sound judicial discretion, may deem proper, bearing in mind the youth of appellant, that the offense of which he has been convicted is his first, his previous good character, and, in keeping with the public policy declared by the Legislature, the possibility of his rehabilitation. The trial court is not limited to these factors, of course, but may consider others which may be relevant, including the recommendation to mercy appended to the jury's verdict.
Conviction affirmed. Sentence imposed set aside and case remanded for proper sentence.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.