RODGERS, Presiding Justice.
Davey Jon Davis was indicted, tried and convicted in the Circuit Court of Wayne County, Mississippi, for the crime of producing marijuana. He was sentenced to serve a term of four (4) years in the state penitentiary.
It is from this verdict and sentence that the appellant appeals to this Court alleging:
(1) The court erred in sentencing Dav-ey Jon Davis, an eighteen-year-old boy, to Parchman for producing a controlled substance.
(2) The court erred in admitting the alleged confession of Davey Jon Davis.
(3) The search and seizure of the marijuana plants was not legal because they were not obtained on the premises.
The sheriff of Wayne County, Marvin Farrior, received information that the appellant was growing marijuana, and upon the reception of this information, on June 1, 1974, he drove by the appellant’s home to see if there were any basis for the information or whether it was speculation. From the public road that ran by the appellant’s house, Sheriff Farrior was able to observe certain plants growing in the yard which he recognized to be marijuana. He proceeded to the justice of the peace and secured a search warrant based upon his personal observation of the marijuana plants in the yard. The sheriff returned to the appellant’s home, and the appellant’s car was missing. Sheriff Farrior did not *742 remain at the house; he notified one of his deputies to find Davey Jon Davis and bring him home.
The sheriff then decided to return to the house and conduct his search even though the appellant was not there. As he arrived this time, a pickup truck driven by a blond-headed boy was pulling off. The sheriff rushed to the spots where he had observed the marijuana plants and discovered they were no longer there. As the sheriff and his deputy were about to begin a search for the pickup and its driver, which the sheriff had observed leaving, the truck returned. Stopping the pickup, the officers discovered that the driver was Ronald Busby, a brother of Davey Jon Davis’ wife. When asked about the marijuana plants growing in the yard, he admitted pulling them up and transporting them away from Davis’ home, according to the instructions he had received from Dav-ey Jon Davis which had been relayed by a telephone call from Davey Jon’s wife. He took the sheriff’s deputy to the spot where he had thrown the marijuana after leaving Davey Jon’s home.
The appellant waived his rights and confessed to the crime of growing marijuana. In his confession, and evidenced by the testimony of Ronald Busby, the appellant admitted that he did instruct his wife to call her brother to pick up the “marijuana plants and do away with them because the sheriff was coming out there.” This call was made after a deputy sheriff had informed the appellant that the sheriff wanted to see him at his home.
During his trial the appellant took the stand in his own behalf and admitted that he was the one who planted the marijuana. Curiosity as to what marijuana looked like caused him to plant it.
We have read the record and the cases cited by the attorneys in their briefs, and we have reached the conclusion that there is no merit in any of the appellant’s arguments except, the one regarding the trial court’s sentencing a first offender, an eighteen-year-old boy, to Parchman for producing a controlled substance.
This Court is cognizant of our ruling handed down in Worthy v. State, 308 So.2d 921 (Miss.1975), wherein we held that juvenile first offenders on drug charges who are sentenced to confinement are to be mandatorily sentenced to confinement in either Mississippi State Hospital at Whitfield, or East Mississippi State Hospital at Meridian, for the term of their sentences.
We would like to add to our ruling in Worthy v. State to show that Worthy does not preclude the trial judge when sentencing a juvenile first offender on a drug charge from utilizing other legislative provisions which would promote his rehabilitation. See Mississippi Code Annotated § 41-29-149 and § 41-29-150 (Supp.1975).
We are of the opinion that the testimony of the witnesses, coupled with that of the appellant, is sufficient to establish the charge of producing marijuana. We have found no reversible error in the record of this case, and we are of the opinion that there is ample testimony on which to base a conviction. However, in keeping with our holding in Worthy v. State, supra, this case must be remanded for sentencing in compliance therewith.
Affirmed; remanded for resentencing.
GILLESPIE, C. J., and PATTERSON, ROBERTSON, SUGG, WALKER, and BROOM, JJ., concur.