**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 97-KA-00444-SCT**

*KENDRICK BERRY*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/97 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AZKI SHAH |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/19/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/10/98 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal arises from Kendrick Berry's conviction and sentence for the crime of robbery in the Circuit Court of Coahoma County, Mississippi. Berry alleges that the trial court erred in denying his motion to withdraw his guilty plea. By our December 12, 1997, Order, we denied the State's motion to dismiss Berry's appeal for lack of jurisdiction, finding that this case involves "an appeal from the sentencing order and not an appeal from the entry of the plea itself. . . ." We find that Berry's five-year sentence, being within the statutory guidelines, is valid and therefore affirm his conviction and sentence in this case.

## STATEMENT OF THE FACTS

¶2. Berry was indicted for armed robbery, but agreed to plead guilty at the close of the State's case in exchange for the State's recommendation that he be sentenced to a ten-year suspended sentence. Circuit Court Judge John Leslie Hatcher accepted Berry's guilty plea and orally sentenced him to a suspended term of ten years in the custody of the Mississippi Department of Corrections.

¶3. Between the sentencing hearing and entry of the sentencing order in the trial court minutes, the State discovered that Berry had a prior felony conviction in Shelby County, Tennessee. The State filed a motion on February 20, 1997, to re-sentence Berry in accordance with Miss. Code Ann. § 47-7-33, because the court has no authority to render a suspended sentence when the defendant has already been convicted of a felony. Berry filed a motion to have his guilty plea set aside on March 13, 1997.

¶4. The trial court conducted a hearing on the two motions and denied the motion to set aside the guilty plea, finding that Berry's guilty plea was valid and was entered freely, voluntarily, knowingly, and intelligently. The trial judge further found that the oral sentence was invalid, because Berry had a prior felony conviction, the oral sentence was void ab initio, and the court did not reduce the oral sentence to a written judgment of sentence, nor was it filed or entered in the minutes of the court. After ordering a presentence report, the trial court sentenced Berry on April 17, 1997, to serve a term of five years in the custody of the Mississippi Department of Corrections for the crime of robbery.

## STATEMENT OF THE LAW

¶5. Berry maintains that the trial court erred in not allowing him to withdraw his guilty plea. This Court does not have jurisdiction on direct appeal when only a guilty plea is being challenged. Miss. Code Ann. § 99-35-101 (1994). Instead a defendant must file a motion for post conviction relief pursuant to Miss. Code Ann. § 99-39-5 (1994). However, in **Burns v. State**, 344 So. 2d 1189 (Miss. 1977), we held that a habeas corpus appeal based on the issue of sentencing was properly before the Court. **Burns**, 344 So. 2d at 1190. In **Trotter v. State**, 554 So. 2d 313 (Miss. 1989), we further held that this Court has jurisdiction in matters that involve a direct appeal from a sentence. **Trotter**, 554 So. 2d at 315. Based upon our limited appellate jurisdiction over Berry's claim, we restrict our discussion to the validity of Berry's sentence.

¶6. This Court has found that sentencing,"is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute." **Reynolds v. State**, 585 So. 2d 753, 756 (Miss. 1991). *See also* **Wallace v. State**, 607 So. 2d 1184, 1188 (Miss. 1992); **Berdin v. State**, 648 So. 2d 73, 80 (Miss. 1994). The imperative question here is whether the sentence is allowable under the statutory guidelines. Berry was convicted of robbery under Miss. Code Ann. § 97-3-75, which states: "Every person convicted of robbery shall be punished by imprisonment in the penitentiary for a term not more than fifteen years." Miss. Code Ann. § 97-3-75 (1994). Judge Hatcher's oral pronouncement of sentence was void *ab initio*, because the judge was without authority to grant a suspended sentence to a convicted felon. Miss. Code Ann. § 47-7-33 (1993). Berry's five-year sentence entered into the record is well within the sentencing guidelines, and is therefore one that is within the discretion of the lower court. **Reynolds**, 585 So. 2d at 756. We therefore find that Berry's appeal of his sentence is without merit.

## CONCLUSION

¶7. Since Berry's sentence fits within the sentencing guidelines, and was within the discretion of the court, we find that Berry received a lawful sentence. Berry's claim that his guilty plea was involuntary is better addressed in a motion for post conviction relief. We affirm Berry's conviction of robbery and sentence of five years in the custody of the Mississippi Department of Corrections.

¶8. **CONVICTION OF ROBBERY AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY WITH ANY AND ALL**

**SENTENCES PREVIOUSLY IMPOSED.**

**PITTMAN, P.J., ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J. AND McRAE, J.**

**BANKS, JUSTICE, DISSENTING:**

¶9. Because the majority concludes that the denial of Berry's motion to withdraw his guilty plea is not reviewable on direct appeal, I respectfully dissent.

¶10. Rule 8.04 (A)(5) and (6) of the Uniform Circuit and County Court Rules speak to the question of withdrawing a guilty plea. It states in pertinent part that it is within the discretion of the court to permit or deny a motion for withdrawal of a guilty plea, and that the motion must show good cause. URCCC 8.04 (A)(5) and (6). It seems to me that a trial court order under this rule, in response to such a motion timely filed, should be reviewable on an abuse of discretion standard. Miss. Code Ann. § 99-35-101 (1994), to which the majority refers for its contention that this Court does not have jurisdiction, is a problem but we have construed it to allow an appeal from the sentence. It is my view that we should also allow an appeal from an order denying a motion to withdraw a guilty plea which is timely filed and addressed by the trial court.

¶11. In the present case, there was a hearing on the motion to withdraw Berry's guilty plea in combination with the hearing on the state's motion with respect to sentence. From my reading of the record, it appears that Berry's motion to withdraw his plea is based on the mistaken belief that he was eligible for a suspended sentence. In such circumstances, we will find either an abuse of discretion by the trial court or we will not. The majority fails to conduct this review as to the motion to withdraw the plea, instead discussing the validity of the sentence imposed, which is not really contested. For this reason, I dissent.

**PRATHER, C.J., AND McRAE, J., JOIN THIS OPINION.**