794 So.2d 1065 (2001)
Carl Eugene MILLER, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-CA-00088-COA.
Court of Appeals of Mississippi.
September 11, 2001.
William Harvey Barton, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
LEE, J., for the Court:
¶ 1. The appellant, Carl Eugene Miller, Jr., appeals the order of the Circuit Court of Harrison County which denied his motion to withdraw a guilty plea. Miller struck a man with his fist and killed him. He was indicted and a jury found him *1066 guilty of manslaughter, whereupon the court sentenced him to a term of twenty years imprisonment with five years suspended, and fifteen years to serve. We reversed the conviction and ordered a new trial, finding that the trial court erred in the denial of a jury instruction for selfdefense. Miller, however, waived his right to a new trial and entered a plea of guilty. Following a sentencing hearing, Miller was sentenced to twenty years imprisonment with eight years suspended, leaving twelve years to serve in the custody of the Mississippi Department of Corrections. The court noted that it had previously given credit for time served. Upon release, Miller was given five years post-release supervision. Miller then filed a motion to reconsider sentence, claiming that the court should not have given credit for time served, but should have imposed a sentence and suspended a portion thereof, it being the function of the MDOC to give credit for time served. In response to this motion the court issued a clarification of sentencing and sentenced Miller to twenty years, five years suspended, leaving fifteen years to serve, followed by five years postrelease supervision. Aggrieved that he did not receive a lesser sentence, Miller filed a motion to withdraw his guilty plea. The motion was denied following a lengthy hearing.
¶ 2. Miller now appeals the denial of his motion, asserting that plea negotiations were improper and that he received ineffective assistance of counsel. He also claims that the trial court had no authority to re-sentence him. We find that this Court is without jurisdiction to hear an appeal when a guilty plea itself is challenged, Miss.Code Ann. § 99-35-101 (Rev. 2000), and that the sentencing issue was not preserved for review on appeal. We therefore dismiss this appeal.

ISSUES AND DISCUSSION

I. DID THE TRIAL COURT ERR IN NOT ALLOWING THE GUILTY PLEA TO BE WITHDRAWN?

II. DID THE TRIAL COURT ERR IN VACATING THE ORIGINAL SENTENCING ORDER AND RESENTENCING MILLER?
¶ 3. Because the discussion of our jurisdiction to review Miller's guilty plea is intertwined with the sentencing issue, we will discuss these issues together.
¶ 4. Miller maintains that the trial court erred in not allowing him to withdraw his guilty plea. We note that Miss.Code Ann. § 99-35-101 (Rev.2000) does not confer jurisdiction on this Court on direct appeal when a guilty plea is being challenged. Instead, a defendant must file a motion for post-conviction relief pursuant to Miss. Code Ann. § 99-39-5 (Rev.2000). This procedure has been followed and addressed by the Mississippi Supreme Court in Berry v. State, 722 So.2d 706, 707 (¶ 5) (Miss.1998).
¶ 5. One of the issues considered on appeal by the court in Berry was whether the trial court had erred in its failure to grant a motion to withdraw a guilty plea. The motion was denied following a hearing. Id. at (¶ 11). The supreme court, relying on Miss.Code Ann. § 99-39-5 (Rev.2000), held that it had no jurisdiction to hear the guilty plea on direct appeal. Id. at (¶ 5). The court concluded that Berry's claim regarding his involuntary guilty plea should have been addressed in a motion for post-conviction relief. Id. at (¶ 7). The court did, however, consider Berry's claim regarding the validity of his sentence and restricted its jurisdiction to that issue. Id. at (¶ 5). In so doing, the court relied on Burns v. State, 344 So.2d 1189 (Miss.1977) and Trotter v. State, 554 So.2d 313 (Miss.1989). Id. The court in *1067 Burns conceded that Miss.Code Ann. § 99-35-101 did not allow appeals where the defendant had entered a plea of guilty and therefore considered on appeal only the narrow issue of whether Burns' sentence should have required his commitment to a state hospital rather than to the penitentiary or the Department of Corrections. Burns, 344 So.2d at 1190. In Trotter the court considered whether sentencing imposed four years after the court had accepted a guilty plea was a violation of the right to a speedy trial. Trotter, 554 So.2d at 315. The court said that Burns implied that an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from a guilty plea itself. Id. We also note that this Court, in Stevens v. State, 784 So.2d 979 (Miss.Ct. App.2001), reviewed a motion to withdraw a guilty plea, however, that review was in response to the denial of a motion for postconviction relief.
¶ 6. Because the legislature and precedent do not confer jurisdiction upon this Court to review a guilty plea on direct appeal, this Court finds that Miller's claim that the trial court erred by not allowing him to withdraw his plea is better addressed in a motion for post-conviction relief. This is consistent with the court's conclusion regarding an identical issue in Berry, 722 So.2d at 707 (¶ 7)..
¶ 7. Miller also argues that the court had no authority to re-sentence him. After Miller waived his right to a new trial, he entered a plea of guilty on October 8, 1999. A sentencing hearing followed on December 10, 1999. The sentencing order, with pertinent portions underlined, stated that Miller was sentenced to:

Twenty (20) Years, Suspend Eight (8) Years, leaving Twelve (12) Years to serve in the custody of the Mississippi Department of Corrections (the Court has previously given credit for time served) ... UPON RELEASE ... the defendant is placed under the supervision of the Mississippi Department of Corrections for a period of Five (5) Years Post Release Supervision. ...
Miller then filed a motion to reconsider sentence, claiming that the court should not have given credit for time served. Rather, Miller suggests that the court should have imposed a sentence and suspended a portion thereof, it being the function of the MDOC to give credit for time served. On December 17, 1999, the court issued a clarification of sentencing. That order stated the sentence as follows:

Twenty (20) Years, Suspend Five (5) Years, leaving Fifteen (15) Years to serve in the custody of the Mississippi Department of Corrections ... UPON RELEASE ... the defendant is placed under the supervision of the Mississippi Department of Corrections for a period of Five (5) Years Post Release Supervision....
The clarification of sentencing, which was in direct response to Miller's motion, left it to the MDOC, as Miller had requested, to deduct the three years for the time he had already served from his fifteen year sentence. The result still left Miller with twelve more years to serve. The order of December 17 simply clarified that entered December 10 and responded to Miller's motion. We do not construe this order as one that re-sentenced Miller.
¶ 8. Nevertheless, the record shows that following the clarification of sentence, a lengthy evidentiary hearing was held on December 21, 1999, regarding Miller's motion to withdraw his guilty plea. There was no comment or objection made at that time regarding the clarification of sentence which had been entered on December 17, 1999. Miller was present at that hearing in the chambers of the judge who had signed the order clarifying the sentence, as *1068 was the attorney who represented him when he pled guilty, and Miller's appellate attorney. It is not a novel concept that a party cannot make his objections initially on appeal. Hewlett v. State, 607 So.2d 1097, 1107 (Miss.1992). Because this assignment of error has not been preserved for review, it is procedurally barred.
¶ 9. THE APPEAL FROM THE CIRCUIT COURT OF HARRISON COUNTY IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.