# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-KA-01692-SCT

*MARCUS RICARDO BENNETT*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/6/2002 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JERRY L. BUSTIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | DISMISSED - 02/12/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER, P.J., AND CARLSON, J.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Marcus Ricardo Bennett pled guilty to two counts of selling cocaine within 1500 feet of a church. He was sentenced to 10 years in the custody of the Mississippi Department of Corrections on Count I and to 5 years on Count II, the two sentences to run consecutively. Bennett now appeals. We dismiss for lack of jurisdiction.

## DISCUSSION

> **I.     WHETHER THE DIRECT APPEAL OF A DEFENDANT WHO PLED GUILTY MAY BE HEARD BY THIS COURT.**

¶2.      Miss. Code Ann. § 99-35-101 (Rev. 2000) prohibits persons who have pled guilty to a crime from filing direct appeals to this Court.[1]  We therefore dismiss this appeal for lack of jurisdiction.  ***Berry v. State***, 722 So. 2d 706, 707 (Miss. 1998).  Under state law, the appropriate procedure for Bennett to follow is to file a petition for post-conviction collateral relief in the circuit court.  *See* Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2000 & Supp. 2003).  722 So. 2d at 707.

¶3.      Because we lack jurisdiction, judicial economy demands that we not address each of Bennett's claims on the merits.

**II.      WHETHER *TROTTER v. STATE* AND *BURNS v. STATE* APPLY, MANDATING THE COURT TO ADDRESS BENNETT'S CLAIMS ON THE MERITS.**

¶4.      Under ***Trotter v. State***, 554 So. 2d 313 (Miss. 1989), and ***Burns v. State***, 344 So. 2d 1189 (Miss. 1977), § 99-35-101 does not prevent the Court from reviewing, on direct appeal, the *sentence* imposed upon someone who has pled guilty:

> A preliminary point needs to be addressed.  The State contends that this appeal should be dismissed for lack of jurisdiction because Trotter pleaded guilty to the charges against him. . . .
>
> In ***Burns v. State***, 344 So. 2d 1189 (Miss. 1977), this Court implied that an appeal from a *sentence* imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself.  In ***Burns***, an appeal from [the] denial of a habeas corpus petition challenging the legality of a sentence imposed subsequent to a guilty plea was treated by this Court as a direct appeal.  While the Court acknowledged the language of § 99-35-101, the Court stated: "[W]e do not deem the present case as an appeal from a guilty plea." ***Burns***, 344 So. 2d at 1190.

***Trotter***, 554 So. 2d at 315 (emphasis and capitalization in original).

---

[1]Miss. Code Ann. § 99-35-101 (Rev. 2000) provides as follows: "Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."

¶5. We find that neither *Trotter* nor *Burns* applies to Bennett's appeal. Bennett's claims pertain to the *enhancement* of the sentence imposed, not the *length* of the sentence itself. He contends that the enhancement was not set out in the indictment or in the plea agreement. Although an enhancement of a sentence does pertain to the *length* of the sentence, an appeal from an enhancement of the sentence is equivalent to an appeal from the guilty plea itself because the defendant pleads guilty to the crime as well as to the enhancement, both of which are set out in the indictment.

¶6. Finally, Bennett's claims are without merit. A review of the record shows that the enhancement was specifically stated in the indictment, in the plea agreement, and in the colloquy between the circuit judge and Bennett during the sentencing hearing. This issue is without merit.

## CONCLUSION

¶7. We dismiss Bennett's appeal without prejudice for lack of jurisdiction under Miss. Code Ann. § 99-35-101 (Rev. 2000).

¶8. **DISMISSED.**

**PITTMAN, C.J., SMITH, P.J., COBB, EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**