IN THE SUPREME COURT OF MISSISSIPPI

NO. 2008-CP-00034-SCT

*CHRISTOPHER JASON BURROUGH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2006 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CIVIL- POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/02/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND PIERCE, JJ.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     Following his guilty plea in the Circuit Court of Carroll County, Christopher Jason Burrough filed a motion for post-conviction collateral relief (PCR) seeking to set aside his conviction and sentence.  The trial court found this motion to be without merit, and Burrough now appeals to this Court.  Finding no error, this Court affirms the trial court.

**FACTS AND PROCEDURAL HISTORY**

¶2.     Christopher Jason Burrough was indicted by the Carroll County Grand Jury for burglary of a dwelling house in violation of Mississippi Code Annotated Section 97-17-23. Burrough petitioned the trial court to enter a plea of guilty, and on May 4, 2006, pleaded

guilty to the charge before Circuit Court Judge C.E. Morgan. Judge Morgan found the plea to be freely, voluntarily, and intelligently given, with Burrough openly admitting his guilt. The State made a sentencing recommendation to the trial court that Burrough be sentenced to a term of ten years, with five years to be served in the custody of the Mississippi Department of Corrections and the other five under post-release supervision. At that point, the following exchange occurred:

> BY THE COURT: Okay. I will postpone sentencing until May the 15th in Carrollton. You are out on bond right now?
>
> BY THE DEFENDANT: Yes, sir.
>
> BY THE COURT: Here is the deal. I'm going to leave you out on bond until the 15th. If you violate the law in any way between now and then, I'm not going to accept this recommendation, and I will just sentence you to whatever I think you ought to have.
>
> BY THE DEFENDANT: Yes, sir.
>
> BY THE COURT: If you do not appear on the 15th, the same thing applies. Do you understand me?
>
> BY THE DEFENDANT: Yes, sir.

¶3.     Burrough did not appear in court on May 15. A bench warrant was then issued for his arrest. Burrough was arrested that night outside Bill Ashmore's Wrecker Service establishment by a deputy from the Grenada County Sheriff's Office who had been notified by the Mississippi Highway Patrol that two of its patrolmen had detained Burrough at that location on suspicion of criminal activity at the establishment.[1]

---

[1] The record indicates that Burrough and another individual were suspected of having broken into Ashmore's Wrecker Service establishment and removing car "rims."

¶4. Judge Morgan held a sentencing hearing on May 17, 2006, during which he heard testimony from multiple individuals regarding Burrough's actions on May 15. At the conclusion of the sentencing hearing, Judge Morgan sentenced Burrough to twenty-five years in the custody of the Mississippi Department of Corrections, the maximum sentence allowed by Section 97-17-23.

¶5. Burrough filed a Motion to Vacate and Set Aside Conviction and Sentence (PCR motion) in the trial court on May 8, 2007. Judge Morgan found the issues raised therein to be without merit and denied the motion.

## STANDARD OF REVIEW

¶6. This Court reviews the dismissal of a post-conviction-relief motion for an abuse-of-discretion standard. ***Billiot v. State,*** 655 So. 2d 1, 12 (Miss. 1995). The trial court may summarily dismiss a motion for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11 (2) (Rev. 2007).

## LEGAL ANALYSIS

¶7. Before addressing the merits of Burrough's appeal, a procedural matter needs to be discussed. The State asserts that two of the four issues presented here by Burrough on appeal are procedurally barred. The State points out that, although all four assignments of error were raised in the PCR motion filed on May 8, 2007, Burrough filed a handwritten PCR motion on August 29, 2006, which contained only two of these issues. The State therefore submits that any additional assignments of error raised by Burrough subsequent to his original PCR motion should be barred from review.

¶8.     Even though the record demonstrates this to be accurate history, the State's argument should not be accepted in this matter. The record indeed reveals that Burrough filed a PCR motion on August 29, 2006; however, it does not indicate that a judgment was ever entered with regard to it. Burrough filed a writ of mandamus petition with this Court on January 7, 2008, requesting this Court to command "the Circuit Court of Carroll County to render judgment or conduct an evidentiary hearing" on the PCR motion filed by him in that court on May 8, 2007. In his response to the petition, Judge Morgan stated that he had no recollection of ever receiving and examining the August 29, 2006, PCR motion, and that the court's docket reflected no action was ever taken with regard to that motion. Judge Morgan did, however, recall ruling on Burrough's May 8, 2007, PCR motion shortly after receiving it, but added that the trial court does not retain executed copies of post-conviction-relief orders, and that the trial court's civil and criminal dockets both indicated that no order was ever filed. To avoid any confusion, Judge Morgan decided to re-examine the May 8th PCR motion attached to the writ of mandamus petition, together with the plea transcripts in the criminal case and found no merit to the motion. Based on that decision, this Court now sits in a position to review that final judgment, and may address each assignment of error raised in that motion without procedural or doctrinal concern.

I.     **Whether Burrough was denied due process rights when he was not allowed to withdraw his guilty plea after the trial court determined it would not follow the State's recommended sentence.**

¶9.     Burrough argues that he should have been given the opportunity to withdraw his guilty plea when the trial court refused to accept the State's sentencing recommendation of five years to be served in the custody of the Mississippi Department of Corrections and five

4

years under post-release supervision. It is Burrough's position that he would have withdrawn his guilty plea had he known the trial court was not going to follow the State's recommendation.

¶10. First, it is well-settled in Mississippi that the imposition of a sentence upon a criminal conviction belongs within the sound discretion of the trial court (not the prosecutor) and generally is not subject to appellate review if it is within the limits prescribed by the applicable statute. *Reynolds v. State,* 585 So. 2d 753, 756 (Miss. 1991); *Reed v. State,* 536 So. 2d 1336, 1339 (Miss. 1988); *Boyington v. State,* 389 So. 2d 485 (Miss. 1980); *Ainsworth v. State,* 304 So. 2d 656, 658 (Miss. 1974). This includes sentences based on guilty pleas. So long as the judge remains uninvolved in any plea negotiations between the defendant and the State, it will not be reversible error for a trial judge to sentence a defendant to a longer term than that recommended by the State. *Edwards v. State,* 800 So. 2d 454, 470 (Miss. 2001) (citations omitted).

¶11. Secondly, the decision of whether to allow a defendant to withdraw a valid guilty plea also lies within the discretion of the trial court. Miss. Unif. Cir. & Cty. R. 8.04(A)(5). A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court. *King v. State,* 738 So. 2d 240, 241 (Miss. 1999). To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea. *Harris v. State,* 806 So. 2d 1127, 1130 (Miss. 2002).

¶12. The record shows that, prior to accepting Burrough's plea, Judge Morgan thoroughly queried him with regard to the voluntariness of his plea, carefully explained to him that

5

whatever sentencing recommendation the State offered would not have to be accepted by the court, and informed Burrough that the Court instead could impose any sentence allowed by law. Judge Morgan specifically told Burrough that this particular crime carried with it a minimum of three years and a maximum of twenty-five years in the custody of the Mississippi Department of Corrections. Burrough openly indicated that he fully understood this.[2] He then pleaded guilty to the charge of burglary of a dwelling, and the State offered its recommended sentenced. The record does not suggest in the slightest that the trial judge involved himself in any plea-bargaining negotiations that might have occurred between the State and the defendant in this matter.

¶13. As evinced by both the plea agreement and the plea colloquy, Burrough willfully acknowledged that he fully understood that the State's promise to recommend a sentence carried with it no guarantee that its recommendation would bind the trial court to a particular sentence upon a plea of guilty. Therefore, neither the trial court's decision to sentence Burrough to the maximum amount allowed by Mississippi Code Section 97-17-23, nor its subsequent decision to deny Burrough's plea-withdrawal request, was an abuse of discretion. Burrough's argument with regard to this issue is without merit.

**II.      Whether Burrough was denied due process of law when the trial court failed to consider the factual basis for the guilty plea.**

---

[2] In his signed plea petition, Burrough acknowledged that he understood a plea of guilty to the crime of burglary of a dwelling house carries with it a possible sentence of three years to twenty-five years imprisonment and that there was no guarantee by the State as to what length the court might impose.

¶14. Pursuant to Rule 8.04(A)(3) of the Uniform Circuit and County Court Rules, "[b]efore the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a *factual basis* for the plea." (Emphasis added). The factual-basis component of the rule requires that, "before it may accept the plea, the circuit court have before it, *inter alia*, substantial evidence that the accused did commit the legally defined offense to which he is offering the plea." ***Corley v. State,*** 585 So. 2d 765, 767 (Miss. 1991). What facts must be shown depends on the crime and its assorted elements. ***Id.*** There are numerous ways by which the facts may be found, but what ultimately is required is "there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged." ***Id.*** (citing ***United States v. Broce,*** 488 U.S. 563, 570, 109 S. Ct. 757, 764, 102 L. Ed. 2d 927, 936 (1989)).

¶15. At the guilty-plea hearing, the State informed the trial court that it had multiple witnesses whose testimonies would show that Burrough broke into a home and therein stole property. The State also told the trial court that it was prepared to offer testimony that Burrough was interviewed shortly after the alleged crime and admitted to taking the property and disposing of it. When asked by the trial court if he did, in fact, do these things which the State intended to prove, Burrough stated, "Yes."

¶16. The record before the Court clearly reveals that the trial court accepted Burrough's voluntarily and intelligently-made plea based on a sufficient evidentiary suggestion of guilt to the charged crime of burglary. Burrough's argument that the trial court accepted his plea without a factual basis is without merit.

**III.    Whether Burrough was denied due process of law when the trial court allegedly failed to tell him that his sentence could be appealed to the Supreme Court for direct review.**

¶17.    Burrough contends that  the trial court should have informed him of the ability to directly appeal his sentence to the Supreme Court.  He argues the trial judge committed fundamental error when he failed to advise Burrough of this avenue of review.  We disagree.

¶18.    Mississippi law prohibits persons who have pleaded guilty to a crime from filing direct appeals to this Court.  Miss. Code Ann. § 99-35-101(2006).[3]  As such, this Court does not have jurisdiction on direct appeal to address the merits of a guilty plea.  *Bennett v. State,* 865 So. 2d 1158, 1159 (Miss. 2004).  The proper procedure is for these persons to file a petition for post-conviction collateral relief in the circuit court   *See* Miss. Code Ann. §§ 99-39-1 to -29 (Rev. 2007).

¶19.    Burrough is correct that this Court has found jurisdiction in certain instances over matters involving a direct appeal from a sentence imposed under a guilty plea.  *See e.g. Trotter v. State,* 554 So. 2d 313 (Miss. 1989).  In any such case, however, this Court limited itself to the sentence only.  *See* *Berry v. State,* 722 So. 2d 706, 707 (Miss. 1998) (restricting review of a directly appealed conviction and sentence based on a guilty plea to the validity of the sentence); *see also* *Bennett,* 865 So. 2d at 1159 (dismissing altogether petitioner's

---

[3] Note, that Mississippi Code Section 99-35-101 has been amended since Burrough's conviction and sentence in May 2006. *See* 2008 Miss. Laws, ch. 457, § 1, eff. from and after July 1, 2008.  The former section, however, is controlling in this matter, therefore the response and analysis to Burrough's point in contention will be restricted to this Court's interpretation of that section as it existed.

appeal, which attempted to argue the merits of enhancement punishment in relation to his guilty plea, for lack of jurisdiction).

¶20. Based on his argument for this issue, Burrough uses his sentence to attack his guilty plea. Had he attempted to do so via direct appeal, this Court either would have dismissed his claim outright (*see Bennett*, 856 So. 2d at 1159), or, for the reasons stated in the first issue, simply would have found his sentence to be within the limit allowed by law (*see Berry*, 772 So. 2d at 707). This, though, is speculative hindsight. For our purposes, as the Court of Appeals recently opined, our law has never required a trial judge to inform a criminal defendant about the right to appeal directly the sentence received based on a guilty plea. *Coleman v. State,* 979 So. 2d 731, 733 (Miss. Ct. App. 2008). This issue is without merit.

**IV. Whether the actions of Burrough's attorney equated to ineffective assistance of counsel thereby violating his constitutional right to a fair trial.**

¶21. Burrough asserts that his defense counsel was deficient because he failed to object when the trial court enhanced his sentence without giving him the opportunity to withdraw his guilty plea. Additionally, Burrough asserts that counsel was deficient for not informing him that he could be sentenced as an habitual offender; that his sentence might have been illegal; and that he would not be granted post-release supervision for part of his sentence.

¶22. In evaluating an ineffective-assistance charge with regard to guilty-plea proceedings, this Court, essentially, applies the same two-part inquiry as that used for challenges claiming ineffective trial assistance. *See Coleman v. State,* 483 So. 2d 680 (Miss. 1986) (adopting the two-pronged test set forth in *Hill v. Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203, (1985), which held that the two-part test announced in *Strickland v. Washington,* 466 U.S.

668, 687, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674, 693-95 (1984) for ineffective trial assistance claims also applies to guilty-plea proceedings). This requires the defendant to show: (1) that his counsel's performance was deficient (fell below the objective standard of reasonableness), and (2) that the deficiency prejudiced his defense. *Strickland,* 466 U.S. at 687. In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Coleman,* 483 So. 2d at 683 (citations omitted).

¶23. Burrough's charge that his counsel failed to object when the trial court did not accept the State's recommended sentence chiefly fails under prong two, the "prejudice" prong, of *Strickland.* Therefore, we proceed directly to this part of the test. *See Strickland,* 466 U.S. 668, 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")

¶24. Whether or not counsel's failure to object to the trial court's decision not to accept the State's recommendation fell below the objective standard of reasonableness contemplated by *Strickland* is of no matter. The error, if any, is one that originated subsequent to the court's acceptance of a valid guilty plea, after it was determined to be voluntarily and intelligently given, based on an acknowledged understanding by the defendant that any "consequences" allowed by law could result. Therefore, Burrough cannot properly demonstrate the "prejudice" requirement set forth by *Coleman*, which contemplates the validity of the plea itself, not the trial court's discretion thereafter. *Coleman*, 483 So. 2d at 680.

10

¶25. As for Burrough's remaining ineffectiveness charges, the record wholly negates the basis for each. Judge Morgan specifically told Burrough that he was not being sentenced as an habitual offender; nor was he so designated in the sentencing order. Also, because Burrough's twenty-five-year sentence lies within the limits prescribed by Section 97-17-23, it is not illegal. Finally, with regard to the assertion that defense counsel failed to tell him that he would not receive post-release supervision, the record (once more) discloses that Burrough's defense counsel and the trial judge both thoroughly led him through the plea process to ensure that he understood his plea did not guarantee him either post-release supervision or a particular sentence.

¶26. It is the finding of this Court that Burrough's claim that his counsel's representation was constitutionally ineffective is without merit.

## CONCLUSION

¶27. This Court finds the trial court did not err in dismissing Burrough's petition for post-conviction collateral relief without an evidentiary hearing. The judgment of the Circuit Court of Carroll County is affirmed.

¶28. **AFFIRMED**.

WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.

11