976 So.2d 930 (2007)
Christopher Cornielus MOORE a/k/a Christopher Moore a/k/a Christopher C. Moore, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01544-COA.
Court of Appeals of Mississippi.
July 31, 2007.
Rehearing Denied December 4, 2007.
Christopher Cornielus Moore, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., ISHEE and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Christopher Moore was convicted by entering a plea of guilty in the Lee County Circuit Court for the crimes of possession of cocaine with intent and possession of cocaine. He argues that his motion for post-conviction relief is not time-barred and should not have been dismissed by the circuit court. Finding no error, we affirm the dismissal of Moore's motion for post-conviction relief.

FACTS
¶ 2. On July 23, 1998, Moore was indicted by a Lee County grand jury for the crimes of selling cocaine and possession of cocaine. Miss.Code Ann. § 41-29-139 (Rev.2005). On October 16, 1998, Moore entered a guilty plea for possession of cocaine with intent and possession of cocaine. On November 4, 1998, Moore was sentenced to a total of twenty-three years imprisonment. Moore was not incarcerated, but placed into the Intensive Supervision/House *931 Arrest Program. Miss.Code Ann. §§ 47-5-1001 to 1015 (repealed effective June 30, 2004).
¶ 3. On August 18, 2006, Moore filed a pro se motion for post-conviction relief challenging his conviction and sentence, including placement in the Intensive Supervision Program. The circuit court dismissed the motion as time-barred. The circuit court further found that it had no jurisdiction to grant the requested relief due to the Mississippi Department of Correction's administrative authority over persons removed from the Intensive Supervision Program. The court also found that it was without jurisdiction to reduce or modify a lawfully imposed sentence after a petitioner has already begun to serve that sentence. Aggrieved by the dismissal of his motion, Moore appeals. His appeal has been assigned to this Court.

DISCUSSION
¶ 4. A motion for post-conviction relief must be filed within three years of entering a guilty plea. Miss.Code Ann. § 99-39-5 (Supp.2006). However, an allegation of an illegal sentence is excepted from a procedural bar. Twillie v. State, 892 So.2d 187, 191(12) (Miss.2004).
¶ 5. Moore argues that he was subjected to an illegal sentence because he was convicted of a drug related offense. Moore was convicted of a crime under Section 41-29-139(a)(1). As such, he argues that he was ineligible for the Intensive Supervision Program. Miss.Code Ann. § 47-5-1003. However, at that time, Mississippi Code Annotated § 47-5-1003 stated: "Any offender convicted of a sex crime or a felony for the sale or manufacture of a controlled substance under the uniform controlled substances law shall not be placed in the program." Moore pled guilty to possession of cocaine with intent and possession of cocaine. These offenses were not included in the list of offenses not eligible for the Intensive Supervision/House Arrest Program; therefore, Moore's sentence was not illegal.
¶ 6. In addition, even in situations where there may be a jurisdictional defect, this Court has jurisdiction to review an allegation of an illegal sentence. Johnson v. State, 925 So.2d 86, 88 n. 1 (Miss.2006); Bennett v. State, 865 So.2d 1158, 1159(¶ 2) (Miss.2004).
¶ 7. In the present case, Moore does not complain that he has suffered from a sentence that is greater than that authorized by statute. The supreme court has held that "there is no prejudice suffered when a defendant receives an illegally lenient sentence." Sweat v. State, 912 So.2d 458, 461(¶ 9) (Miss.2005). In Sweat, the supreme court held that the "law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence." Id. Moore argues that the language of Section 47-5-1003 prohibited him from receiving the benefit of being placed in the Intensive Supervision Program. As such, any illegality of the sentence Moore received was to his benefit. The circuit court properly dismissed Moore's motion for post-conviction relief.
¶ 8. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.