# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-00487-SCT

*JOHNNY LEE JOHNSON*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/21/2003 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | CLAIBORNE McDONALD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART AND THE JUDGMENT OF THE TRIAL COURT IS REINSTATED AND AFFIRMED - 03/23/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     We granted certiorari in this case because we are again confronted with certain issues which have for some time caused both this Court and the Court of Appeals to devote considerable time and energy in an effort to clarify certain sentencing laws.  We attempt through this opinion to once and for all lay to rest the perplexing issues concerning suspended sentences, supervised probation, and post-release supervision. While we find the Court of Appeals correctly found Johnson's sentence (1)

was not vindictive or harsh, (2) was not a denial of due process, and (3) was not disproportionate, on the other hand, in considering the specific issue before us, we find the Court of Appeals erred in its modification of the circuit court's sentence imposed on Johnny Lee Johnson. We thus affirm in part, and reverse in part, the judgment of the Court of Appeals, and reinstate and affirm the final judgment of the Circuit Court of Jefferson Davis County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. We glean from the opinion of the Court of Appeals the facts which are relevant for today's discussion:

> In 1999, Johnny Johnson was arrested for the sale of 0.1 gram of cocaine. He was indicted in July 2000. Prior to that indictment, Johnson had been convicted in March 2000, for a different sale of controlled substances. He had been sentenced to fifteen years, four to serve and eleven years suspended, with the suspension subject to the rules for post-release supervision.
>
> In February 2003, Johnson was tried for the 1999 drug sale.[1] He was convicted and sentenced to fifteen years imprisonment, with eight years suspended and post-release

---

[1]The record reveals Johnson entered a guilty plea to this charge; therefore, he was not tried by a jury. At first blush, it would appear that this Court (and the Court of Appeals) would be without jurisdiction to consider this case on direct appeal, because a defendant has no right to a direct appeal upon a plea of guilty. Instead, relief is afforded through the Mississippi Uniform Post-Conviction Collateral Relief Act, codified as Miss. Code Ann. Sections 99-39-1, et seq. *See Berry v. State*, 722 So.2d 706, 707 (Miss. 1998). However, it is clear that Johnson seeks relief only from the length of the sentence imposed by the trial judge, and he in no way attacks the guilty plea itself. Thus, both the Court of Appeals, and now this Court, have jurisdiction to consider, on direct appeal, the issue of the length of Johnson's sentence. *Bennett v. State,* 865 So.2d 1158, 1159 (Miss. 2004) (citing and distinguishing *Trotter v. State*, 554 So.2d 313, 315 (Miss. 1989) and *Burns v. State*, 344 So.2d 1189, 1190 (Miss. 1977)). Additionally, Johnson's notice of appeal clearly reveals he is appealing only the sentence imposed, citing *Campbell v. State*, 743 So.2d 1050, 1052 (Miss. Ct. App. 1999) and *Trotter*, 554 So.2d at 315. Finally, the State, in its brief, repeatedly refers to Johnson's plea of guilty and sentence, and yet does not attack the jurisdiction of the appellate courts to consider Johnson's direct appeal from his sentence. For all of these reasons, we are convinced that we unquestionably have authority to consider the issue of sentencing on this appeal.

supervision for five years. This sentence was consecutive to the one that Johnson was already serving. Johnson appeals.

*Johnson v. State*, 2004 WL 1557913, *1 (Miss. Ct. App. 2004). It is thus clear from the record that after his arrest for the drug sale which is the subject of today's appeal, but prior to his indictment on this charge, Johnson was convicted in March, 2000, on an unrelated drug sale. Therefore, by the time he stood before the sentencing judge on February 21, 2003, Johnson was indeed a prior convicted felon based on his March, 2000 conviction.

¶3.     We set out verbatim portions of Johnson's sentence as imposed by Circuit Judge R. I. Prichard, III:

> [T]hereupon entering a plea of guilty ... [Johnson] be and he is hereby sentenced to serve a term of fifteen (15) years in the custody of the Mississippi State Department of Corrections, with said sentence to run consecutive to the sentence [he] is now serving.
>
> ************
>
> [U]pon successful completion of the service of said seven (7) years, the remaining eight (8) years of the fifteen (15) year sentence be and the same are hereby suspended pursuant and in conformity with the Post-Release Supervision set out and authorized in Section 47-7-34 of the Mississippi Code of 1972, Amended and Annotated.
>
> ************
>
> If [Johnson] meets all of the above conditions, then the remaining eight (8) years of the fifteen (15) year sentence be and the same are hereby suspended and [Johnson] shall be placed on Post-Release Supervision upon the following terms and conditions for a period of five (5) years.
>
> ************
>
> The violation of any one of the above enumerated conditions shall violate the terms and conditions of [Johnson's] Post-Release Supervision and the Court shall have the authority to revoke the defendant from Post-Release Supervision and remand him back into the custody of the [MDOC] to serve all of the remaining years left on his fifteen (15) year sentence.

The practical effect of the sentence which Judge Prichard imposed upon Johnson was that (1) upon completion of the sentence Johnson was serving at the time of the imposition of the sentence under review, Johnson would serve seven years of incarceration; (2) upon release from MDOC custody,

3

Johnson would serve the remaining eight years of his fifteen-year sentence on post-release supervision pursuant to the provisions of Miss. Code Ann. Section 47-7-34; (3) five years of Johnson's eight-year post-release supervision sentence would be served under MDOC supervision pursuant to the terms and conditions provided by Miss. Code Ann. Section 47-7-35; (4) the remaining three years of Johnson's eight-year post-release supervision sentence would be served as "non-reporting," meaning that while Johnson would not be under MDOC supervision by reporting to a MDOC probation officer, Johnson would still be required to remain on "good behavior," such as not committing another crime, not owning, carrying, or concealing a firearm, and not using or possessing illegal drugs; and, (5) if Johnson violated any of the terms of his post-release supervision during this eight-year period, the court would have authority to terminate any part of, or all of, his eight-year post-release supervision, and sentence Johnson to serve a term of up to eight years in the custody of the Mississippi Department of Corrections, pursuant to the provisions of Miss. Code Ann. Section 47-7-34(2).

### PROCEEDINGS IN THE COURT OF APPEALS

¶4.     Before the Court of Appeals, Johnson attacked only his sentence, arguing that (1) the sentence was vindictive and harsh;[2] (2) the imposition of a sentence which ran consecutive to his previously imposed sentence was a denial of due process; and, (3) the sentence was disproportionate and thus in violation of the Eighth Amendment to the United States Constitution, and the sentence

---

[2]This argument by Johnson is intriguing, inasmuch as Johnson stood before Judge Prichard at a time when he was indicted for three drug sales, and it is only because the State chose (1) to nolle prosequi two of the three indictments, and (2) not to charge Johnson as a second or subsequent offender pursuant to Miss. Code Ann. Section 41-29-147, that Johnson was able to avoid the possibility of facing sentences totaling one hundred eighty (180) years of incarceration. *See also* Miss. Code Ann. § 41-29-139(b)(1).

was also illegal since, as a prior convicted felon, Johnson could not receive a suspended sentence. The Court of Appeals found Johnson's assignments of error to be without merit, with one exception. The Court of Appeals found the circuit judge erred in suspending a portion of Johnson's sentence since, at the time of sentencing, Johnson was a convicted felon.

¶5.     In relying on two of its prior cases, **Hunt v. State**, 874 So.2d 448 (Miss. Ct. App. 2004) and **Gaston v. State**, 817 So.2d 613 (Miss. Ct. App. 2002), the Court of Appeals stated:

> A section 47-7-34 sentence requires a "specific term of incarceration, no suspended sentence or 'probation,' and a specific term of post-release supervision of up to five years after incarceration, provided that the total of the two terms does not exceed the maximum sentence for the crime." [**Hunt**, 874 So.2d] at 456. Post-release supervision might be seen as a merger of the purposes of suspension and probation, since the term of supervision must come out of the unserved portion of the maximum prison term for the offense.

**Johnson**, 2004 WL 1557913, *2, ¶8. The Court of Appeals, after analyzing the provisions of Miss. Code Ann. Sections 47-7-33, -34, concluded:

> Johnson had eight years of a fifteen year sentence suspended. As noted above, since the statute that permits post-release supervision does not contain language authorizing suspending sentences, and another statute bars suspension of sentences to prior felons, no suspension should be given. However, there is no practical difference between what the trial judge did and what he should have done, which would have been to sentence Johnson to a seven year term of incarceration and a five year term of post-release supervision. We modify the sentence only to the extent that we remove as surplusage the giving of a fifteen year sentence with eight years suspended. In all other respects the sentence is affirmed, such that Johnson is to serve a term of incarceration of seven years in the custody of the Mississippi Department of Corrections, and then has a five year term of post-release supervision under the provisions of section 47-7-34.
>
> The Supreme Court has recently even suggested that there may be two different modes in which post-release supervision can be served. One is under the supervision of the Mississippi Department of Corrections, limited to five years. The statute may also permit unsupervised post-release supervision for additional periods so long as the total of the term to serve, the term of supervised supervision, and the term of unsupervised supervision does not exceed the maximum sentence for the offense.

5

> *Miller v. State*, 875 So.2d 194, 199 (Miss. 2004), interpreting Miss. Code Ann. § 47-7-34(3) (Supp. 2003). In *Miller* that conclusion was *dicta*. Later decisions are needed to make the interpretation of post-release supervision more certain.

*Id* at **2-3, ¶¶ 9-10.

¶6.     In the end, the Court of Appeals modified the circuit court sentence to remove the eight-year suspended sentence, replacing that portion of the sentence with five years of post-release supervision.[3] Thus, while the net result of the Court of Appeals' modified sentence was that Johnson was still required to serve seven years in the custody of the MDOC, Johnson's term of post-release supervision was reduced from eight years to five years. The Court of Appeals likewise opined that our holding in *Miller v. State*, 875 So.2d 194 (Miss. 2004), would "ultimately require adjustments" in what the Court of Appeals had "announced in its precedents," concluding that "[t]he certiorari process in this case is available." *Id.* at *3, ¶ 11. Having granted the State's petition for writ of certiorari, we now accept the invitation extended by the Court of Appeals to once again address the statutory creatures known as suspended sentences, supervised probation, and post-release supervision.

---

[3] Although the Court of Appeals did not have the benefit of our later decision in *Sweat v. State*, 912 So.2d 458, 460-61 (Miss. 2005), it still quite appropriately followed the correct procedure in attempting to modify what it perceived to be an illegal or improper sentence, without the necessity of remanding the case solely for the purpose of resentencing. Thus, while we agree that the Court of Appeals followed the correct procedure, that Court, as will be discussed, *infra,* erroneously modified a legal sentence imposed by the circuit judge.

**DISCUSSION**

¶7.     In considering the State's cert petition, we deem it necessary to address today only one issue.

**WHETHER THE CIRCUIT COURT IMPOSED AN ILLEGAL SENTENCE, OR A SENTENCE WHICH REQUIRED APPELLATE COURT MODIFICATION.**

¶8.     As already aptly noted, we are again confronted with the ever-present sentencing problem that occurs when a prior convicted felon is given a split sentence of incarceration followed by MDOC supervision, whether it be classified as post-release supervision, or supervised probation. Likewise, problems seem to arise when the term "suspended" or "suspended sentence" appears anywhere in the sentencing order. The difficulty that has arisen from this otherwise typical exercise of judicial discretion stems from long-standing confusion as to how a "suspended sentence" works in concert with a statutory period of "supervised probation," as codified under Miss. Code Ann. Section 47-7-33, or "post-release supervision," as codified under Miss. Code Ann. Section 47-7-34. As will be discussed, this Court has done its part in lending to this confusion. Accordingly, today we must revisit Sections 47-7-33, -34 and examine the verbiage and vernacular common to these sections as well as the case law interpreting them. Clearly, there is a need to reconcile this area of our sentencing laws, and paint a clear picture of how the provisions of Section 47-7-33 were intended to accomplish the same purpose as the provisions found in Section 47-7-34. Today's clarification is important to our appellate review, as many sentences which have been found by their very "lingo" to be "illegal" are by their application exactly what our sentencing statutes actually allow. However, today's clarification of our sentencing statutes are of equal importance to the trial bench and bar. Thus, it is essential that we harmonize our reading of these two statutes, because based on the current status of our case law coming from both this Court and the Court of Appeals,

7

we will otherwise continue to engender unnecessary appellate review of what are otherwise legally imposed sentences by our circuit and county judges.

### A.    Miss. Code Ann. § 47-7-33:

¶9.    We begin our analysis by outlining the confusion that has arisen in our jurisprudence regarding a judge's authority to suspend a sentence, or to suspend a sentence and place a defendant on supervised probation. While our statute intimates that "suspending the imposition or execution of a sentence" and "placing a defendant on probation" are bred from the same legislative grace, it is clear that these sentencing mechanisms are distinguishable and serve discrete functions carried out by different branches of our state government. Importantly, these two sentencing tools can be used by a trial judge either separately or together.

¶10.    By definition, a "suspended sentence" is a unique mechanism by which the court may postpone the imposition of a sentence altogether or delay the execution of a sentence once it has been pronounced. 21A Am. Jur. 2d, *Criminal Law* § 895 p.163. Suspension is a term which generally applies to the actions of the state in relation to a prisoner under its supervision and control. ***Wilson v. State***, 735 So.2d 290, 292 (Miss. 1999) (citing ***Goss v. State***, 721 So.2d 144, 145 (Miss. 1998)). Simply stated, "suspension" is the restriction placed upon the power of the State to act during that (the suspended portion of a sentence) period. ***Id***.

¶11.    Quite differently, probation restricts the prisoner's rights rather than those of the State. ***Goss***, 721 So.2d at 146. If a prisoner is under court imposed probation, that prisoner may be incarcerated if the conditions of probation are not followed.[4] ***Id***. Probation is a matter of grace and a conditional

---

4        In Georgia, ...suspension and probation are twin animals, similar but
         distinct. Both are mechanisms by which a sentencing court may

8

liberty that is a favor, not a right or entitlement. 21A Am. Jur. 2d, *Criminal Law* § 904 p.169.

Moreover, probation is a sentence and not part of a quasi-contract wherein the court offers something

which the defendant is free to accept or reject. *Id*. Probation is to be considered at the time of

sentencing, and it starts with the process of probation or conditional discharge, moving toward

imprisonment only if certain justifications exist to deny probation or conditional discharge. *Id*. at

168.

¶12.    Generally, the law distinguishes the suspension of a sentence from probation. Moreover,

while both probation and the suspension of sentence involve the trial court's discretionary and

conditional release of a convict from the service of a sentence within the penal system, a

probationary sentence is served under the supervision of probation officers, whereas a suspended

sentence is served without such supervision, but on such legal terms and conditions as are required

by the sentencing judge.[5] *Id*. at 169. Moreover, a straight suspended sentence is not subject to the

---

> excuse a defendant from prison time. *See* O.C.G.A. § 17-10-1(a)(1)
> (Lexis Supp.2000) ("The judge imposing the sentence is granted
> power and authority to suspend or probate all or any part of the entire
> sentence....") Both may be directly imposed subject to conditions
> whose violation may result in incarceration. *See id.* § 17-10-1(c)
> (permitting the court, for instance, to require completion of high
> school diploma equivalent as condition of suspension); O.C.G.A. §
> 42-8-34.1 (Michie 1997) (procedures for revocation of "probated or
> suspended sentence"). But suspended and probated sentences are
> administered differently; a probation officer monitors compliance
> with probation conditions, while the sentencing court is responsible
> for enforcing conditions of suspension. *Williams v. State*, 191 Ga.
> App. 217, 381 S.E.2d 399, 400 (1989).

*U.S. v. Ayala-Gomez*, 255 F.3d 1314, 1318 (11th Cir. 2001).

[5]*See* infra. "Unsupervised probation" is the functional equivalent to "a straight suspended
sentence" to the extent that the sentence is not under the supervision of the Department of

conglomeration of rules that can be attached to a sentencing order granting probation. In expounding on the reasoning in **Goss v. State,** 721 So.2d 144 (Miss. 1998), Justice Mills, who was the author of this Court's opinion in **Goss**, made it clear in his dissenting opinion in **Carter v. State**, 754 So.2d 1207 (Miss. 2000), that suspending a sentence and granting probation are not interchangeable mechanisms, and he further opined that defining them as such would be in obvious derogation of the plain meaning of the words:

> Under probation the court releases the defendant into the community under the supervision of a probation officer. The defendant's freedom after conviction is subject to the condition that for a stipulated period of time he shall conduct himself in a manner approved by a special officer to whom he must make periodic reports. *Black's Law Dictionary,* 1082 (5th ed. 1979). A suspended sentence is one that is given formally but not actually served. The defendant is not required, at the time the sentence is imposed, to actually serve the sentence. This suspension is contingent upon the good behavior of the defendant. *Id.* at 1223, 1297. Under a suspended sentence the defendant is not required to report to an officer as he is while on probation. However, the trial court does possess the power to revoke the suspended sentence.

> Clearly, the obligations, duties and expectations of the defendant on probation are distinct from a defendant's responsibilities while "serving" a suspended sentence. Furthermore, a trial court may impose a suspended sentence for a term up to the maximum sentence allowed by law. Under Mississippi law, a trial court may only impose probation for a maximum of five (5) years. Miss. Code Ann. § 47-7-37 (Supp. 1999).... A suspension of a sentence does not automatically mean that the defendant will be on probation and under a duty to report to a probation officer. It simply means that part of his entire sentence has been postponed pending the defendant's good behavior or such other conditions as the court may see fit to establish.

Corrections, but under the watchful eye of the sentencing judge. Therefore, when we endorse "unsupervised probation" or "non-reporting post-release supervision" under Miss. Code Ann. Section 47-7-34, we are merely sanctioning a straight suspended sentence under Miss. Code Ann. Section 47-7-33(1). In **Wilson v. State**, 735 So.2d 290 (Miss. 1999), this Court stated that "[t]he **Goss** reasoning should not be expanded beyond its facts since other statutes exist which allow for suspended sentences, lengthy probationary periods, and other sentencing options." **Wilson**, 735 So.2d at 292. We agree but now stress that for the sake of the trial bench and bar we should not endorse a sentencing mechanism under one statute while castigating it under another.

*Carter*, 754 So.2d at 1210-11 (Mills, J., dissenting).

¶13.    One need go no further than the Mississippi Code to clearly see the distinct nature of probation versus that of a suspended sentence. For example, Miss. Code Ann. Section 99-19-29, which is entitled "Vacation of suspended sentence and annulment of conditional pardon for violation of terms," clearly evinces the distinct nature of a judge's discretionary power to suspend a sentence:

> Whenever any court granting a suspended sentence, or the governor granting a pardon, based on conditions which the offender has violated or failed to observe, shall be convinced by proper showing, of such violation of sentence or pardon, then the governor or the judge of the court granting such suspension of sentence shall be authorized to annul and vacate such suspended sentence or conditional pardon in vacation or court time. The convicted offender shall thereafter be subject to arrest and court sentence service, as if no suspended sentence or conditional pardon had been granted, and shall be required to serve the full term of the original sentence that has not been served. The offender shall be subject, after such action by the court or the governor, to arrest and return to proper authorities as in the case with ordinary escaped prisoner.

Miss. Code Ann. § 99-19-29.

¶14.    Additionally, Miss. Code Ann. Section 99-19-21, which is entitled "Sentence; prison terms to run consecutively or concurrently in discretion of court; sentence for felony committed while on parole, probation, earned-release or post-release supervision, or suspended sentence," clearly indicates our legislature's intent that a suspended sentence be considered its own statutory creature. This is further confirmed by simply reading subsection two of the statute:

> When a person is sentenced to imprisonment for a felony committed while the person was on *parole, probation, earned-release supervision, post-release supervision or suspended sentence*, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of imprisonment for a felony committed during *parole, probation, earned-release supervision, post-release supervision or suspended sentence* shall not run concurrently with any preceding term of imprisonment. If the person is not imprisoned in a penitentiary for the preceding conviction, he shall be placed immediately in the custody of the

11

Department of Corrections to serve the term of imprisonment for the felony committed while on *parole, probation, earned-release supervision, post-release supervision or suspended sentence.*

Miss. Code Ann. § 99-19-21(2) (emphasis added).

¶15. While the two sentencing tools must indeed be considered distinct, if a judge chooses to employ Section 47-7-33 by both suspending a sentence and imposing probation, then the differing mechanisms work together in concert. Accordingly, they create a unified probationary mechanism which conditions the judge's grant of leniency by way of probation on pain of revocation of the probationer's suspended or probationary sentence, if the probationer should fail to exhibit conduct in a manner as directed by the sentencing judge and/or as approved by the probation officer. Under Mississippi jurisprudence, there also exists a hybrid of a straight suspended sentence and straight probation, which is specifically contemplated via the conjunctive "and" in the text of Miss. Code Ann. Section 47-7-33(1), which states in pertinent part:

> *[S]uch court*, in termtime or in vacation, *shall have the power*, after conviction or a plea of guilty, *except in a case* where a death sentence or life imprisonment is the maximum penalty which may be imposed or *where the defendant has been convicted of a felony* on a previous occasion in any court or courts of the United States and of any state or territories thereof, *to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided*, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the Department of Corrections.

Miss. Code Ann. § 47-7-33(1) (emphasis added).

¶16. Although somewhat disjointed, our precedent evidences recognition of each of these sentencing practices. Moreover, our prior decisions on today's issue, which were notably sparse before 1991, bear out our sentencing tradition. In *Jackson v. Waller*, 248 Miss. 166, 160 So.2d 184

(1964), this Court's opinion provides the background to Section 47-7-33 (then Section 4004-23 of the 1942 Code) by examining the state of sentencing at the time the 1956 Probation Act was passed. Moreover, our decision in *Jackson* distinguishes probation, to be governed by the Probation and Parole Board, from summary suspension, codified in 1950:

> The 1956 Probation Act created a system of adult probation for first offenders only. The circuit and county courts were granted the power to suspend the imposition or execution of sentences, and place a defendant on probation. In doing so the court is required to direct that he be under the supervision of the Probation and Parole Board. § 4004-23. The court determines the terms and conditions for probation, some of the permissible ones being itemized. § 4004-24. Its period may be extended or terminated by the court, but under section 4004-25 it 'shall not exceed five years.' This was the limitation in the Probation Act which our original opinion applied to summary suspensions of misdemeanor sentences under Code section 2541.

> After careful consideration, we conclude it was error to hold that the provisions of the Probation Act are in pari materia with section 2541, section 4004-25 limits the period of probation under section 2541, and convicts under suspension of sentence for misdemeanors (§ 2541) come under the supervision of the Probation and Parole Board.

> The Probation and Parole Act of 1956 does not evidence any intention, we think, to extend the supervisory powers of the board to misdemeanants. §§ 4004-23 to 4004-27. It did not repeal or refer in any way to the summary suspension act, section 2541. There appears no intent to repeal by implication the old summary suspension procedure. The 1950 Parole Act applied only to felonies, and the probation sections were added in 1956 as amendments to the 1950 act. Nowhere in the 1956 statute is any reference made to misdemeanors. The only descriptive statements are to those serving sentences in the state penitentiary, which necessarily pertain to felonies. The total number of employees of the Probation and Parole Board is fixed at fifteen. If the legislature had any intention to provide supervision by probation officers of all misdemeanants whose sentences have been suspended under section 2541, it certainly would not have limited the total number of board employees to fifteen. Code § 4004-05.

*Jackson*, 160 So.2d at 185.[6]

---

[6]See also *State of Washington v. Davis*, 56 Wash.2d 729, 355 P.2d 344 (1960), a case with a parallel question to the one presented by *Jackson*. As stated by the Washington Supreme Court:

¶17.    The Probation Act and the code sections included therein are exclusively about probation. Moreover, it specifically tasks the Probation and Parole Board with the administration of the Probation Act. Importantly, our decision in *Jackson* spares the Probation and Parole Board from responsibility for both probation and summary suspension, and ultimately recognizes a trial judge's discretion in regards to the latter. "Power to suspend sentences under section 2541 [Miss. Code Ann. § 99-19-25] is restricted to a reasonable time, which is within the sound judicial discretion of the trial court." *Id.* at 186.

¶18.    A coordinate result of the Probation Act was to expand a criminal court's ability to suspend sentences (then codified section § 2541, now Miss. Code Ann. § 99-19-25) by allowing it to suspend felony sentences. This result was recognized by this Court in 1978 in *McDaniel v. State*, 356 So.2d 1151 (Miss. 1978).

> [T]he only statutory authority for suspension of sentences was section 99-19-25 Mississippi Code Annotated (1972) (then Section 1298 Mississippi Code of 1930) which authorized the circuit and county courts to suspend sentences in misdemeanor cases only. The "probation and Parole Law" was amended by Chapter 262 Mississippi General Laws 1956, and in sections 10 and 11 the statutory authority of circuit and county courts to suspend sentences was extended to include felonies.

> This appeal highlights the distinction between a suspended sentence under RCW 9.92.060, which we will refer to as the Suspended Sentence Act, and under the provisions made in the Prison Terms, Paroles and Probation Act, which we will refer to herein as the Probation Act (RCW 9.95.200 through 9.95.250).

> Generally speaking, our superior courts use the former when they desire to suspend the execution of a sentence during the good behavior of a convicted person, and the latter when they desire to defer the imposition of a sentence, with a view to an ultimate dismissal of the charges if the behavior of the convicted person warrants such action. However, the latter is available and is used in many instances for the suspension of the execution of a sentence.

*Davis*, 56 Wash.2d at 730, 355 P.2d at 344-45.

Before 1956 the circuit and county courts had no statutory authority to suspend sentences in felony cases.

*McDaniel*, 356 So.2d at 1159 (Sugg, J., Special Concurrence). Thus, the language that has become the subject of today's appeal, "to suspend the imposition or execution of sentence," which was distinguished as language belonging to the Probation Act and as not being "in pari materia" with the summary suspension act, nonetheless became inextricably bound to the judicial concept of suspending a sentence.

¶19.    Two years prior to *McDaniel*, this Court handed down *Hamlin v. Barrett*, 335 So.2d 898 (Miss. 1976), and reiterated the Court's reading of the Probation Act as stated in *Jackson*. In *Hamlin*, this Court was introduced for the first time to the counterintuitive (and now ever-present) argument in which a convicted felon asserts that his probation was illegally granted due to his prior convicted felon status at the time of sentencing. Hamlin was ordered to serve three years in the penitentiary for forgery. *Id.* at 899. The sentence was then suspended, and the court granted probation; however, later the suspension and probation were revoked, and thus Hamlin presented the aforementioned argument. *Id*. In upholding the original sentence of the trial court, this Court specifically held that the circuit court had jurisdiction even though the grant of *probation* was on the other hand "technically inappropriate." *Id*. Referencing the circuit court judge's decision, this Court reasoned that in effect the circuit court judge found that the prosecutor was not aware of Hamlin's prior conviction until after the plea of guilty was made and *the probationary sentence meted out*. *Id.* In sum, we ultimately stated that "[t]his case makes it clear and we stress that before granting probation to defendants convicted of crimes trial judges, prosecutors, and defense counsel must exercise care to see that probation is proper under § 47-7-33, supra." *Id*. at 900.

15

¶20.    Fifteen years later this Court considered a case similar to ***Hamlin***.  In ***Robinson v. State***,  585

So.2d 757 (Miss. 1991), a prior convicted felon was sentenced to a suspended sentence and

supervised probation, and this Court attributed new meaning to Section 47-7-33 by including the

suspension-of-sentence language into the statute's restriction on allowing probation to a convicted

felon.  In ***Robinson***, the defendant (Robinson), during a regular term of court in Tishomingo County,

was sentenced to three years in the custody of the MDOC.  ***Robinson***, 585 So.2d at 758.  In

accordance with the provisions of Section 47-7-33, the trial judge suspended the sentence and placed

Robinson on supervised probation.  ***Id.***  However, within three days of sentencing, Robinson was

arrested a second time on a similar charge, and was brought before the same circuit court judge

during the same term of court in which Robinson received his original sentence, and the judge set

aside the originally imposed suspended sentence and ordered Robinson to serve the three year term

in prison.  ***Id.***[7]  On appeal of the circuit court's denial of Robinson's motion for post-conviction

---

[7]Although the end result was the same, the circuit judge in ***Robinson*** did not "revoke" the suspended sentence, but instead properly "set aside" the first judgment which provided for a suspended sentence, and entered a second judgment directing that Robinson serve the three-year sentence, not under suspension, but by way of incarceration.  As this Court noted in ***Robinson***:

> [T]he second sentence was imposed during the same court term as the first sentence. ***Jones v. Index Drilling Co.***, 251 Miss. 578, 170 So.2d 564, 571 (1965).  This Court, citing ***Bronson v. Schulten***, 104 U.S. (14 Otto) 410, 26 L.Ed. 797 (1882), stated the general rule:
>
>> ... all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them *during the term* at which they are rendered or entered of record, and they may be set aside, vacated, modified or annulled by that court. (emphasis supplied).

***Jones***, 170 So.2d at 571.

16

relief, this Court found that unlike the prosecutor and the circuit judge in *Hamlin*, who had no

knowledge of the defendant's prior New York conviction, which the defendant had concealed from

the court, the prosecutor and the circuit judge in *Robinson* were very much aware of Robinson's

prior conviction, because during the plea colloquy, when asked by the circuit judge if he had any

prior felony convictions, Robinson responded in the affirmative by acknowledging that he had a

grand larceny conviction in Alcorn County. Thus, in *Robinson*, this Court reversed the circuit

court's denial of Robinson's PCR motion, finding that Section 47-7-33 did not provide for a

convicted felon to receive "suspension of sentence and probation," and that Robinson should

therefore be permitted to withdraw his guilty plea and enter a new plea, and that Robinson should

be given the opportunity for a trial if he chose to offer a not guilty plea. To emphasize our holding

in *Robinson*:

> Clearly, § 47-7-33 does not permit suspension of sentence and probation to a defendant with a prior felony conviction. *Robinson's suspended sentence and probation was without authority* and, therefore, invalid. Because Robinson plead guilty on the improper inducement that he was eligible for *a suspended sentence* **or** *probation*, he is therefore permitted to withdraw his guilty plea and he must be allowed to enter a new plea and offered the opportunity of a new trial. *Vittitoe v. State*, 556 So.2d 1062, 1065 (Miss. 1990). Accordingly, we reverse the judgment below and restore Robinson's plea of not guilty to the indictment for possession of more than one ounce and less than one kilogram of marijuana and remand for such further appropriate proceedings.

*Robinson*, 585 So.2d at 759 (emphasis added). While the end result reached by this Court in

*Robinson* was correct, the road we traveled to get to our final destination was more than a little

bumpy. Some of the language we used in *Robinson* in our interpretation of Section 47-7-33 is the

very reason we write today.

---

*Robinson*, 585 So.2d at 758.

¶21.    Our holding in ***Robinson*** was galvanized by this Court seven years later with our decision

in ***Goss v. State***, 721 So.2d 144 (Miss. 1998), a case responsible for perpetuating the interpretation

accorded to Section 47-7-33 for the last eight years.  In ***Goss***, we again dealt with the sentencing of

a prior convicted felon.  The trial court imposed a sentence on Goss of "ten years in the Mississippi

Department of Corrections, with seven years to serve and three years suspended for a five-year

period." ***Id***. at 145.  Perhaps the facts in ***Goss*** exhibited the truth in the old adage that "bad facts

make bad law."  Goss was sentenced for burglary of an uninhabited dwelling under then-existing

Miss. Code Ann. Section 97-17-27,[8] for which the maximum penalty was ten years' imprisonment.

The major problem created by the trial judge's sentence in ***Goss*** was that the sentence conceivably

created a possibility of Goss serving fifteen years imprisonment, which was beyond the statutory

maximum penalty, especially if his suspended sentence was later revoked.  In addressing Goss's

sentence, this Court stated, inter alia:

> Although the total number of years to which Goss was sentenced does not technically
> exceed the statutory maximum of ten years, and the suspension period does not
> exceed the statutory maximum of five years, we nevertheless find that the trial court
> erred in fashioning a sentence which could result in a fifteen year time span during
> which Goss is under the direct supervision of the State.  Therefore, the sentence in
> its totality violates the limits imposed by the statutes and offends the intent of the
> legislature in restricting the duration of punishment imposed by the courts.

---

[8]Miss. Code Ann. Section 97-17-23 (Rev. 2000) now provides for penitentiary imprisonment
of not less than three years, nor more than twenty-five years, for burglary of a dwelling, regardless
of whether the burglar is armed with a deadly weapon, whether the dwelling is inhabited or not, and
whether the burglary occurred during the daytime or nighttime.  At the time of Goss's sentence, the
various statutes provided for different penalties for such crimes as burglary of an inhabited dwelling,
burglary of an uninhabited dwelling, and nighttime burglary of an inhabited dwelling with a deadly
weapon. Goss was convicted of burglary of an uninhabited dwelling pursuant to Miss. Code Ann.
Section 97-17-27, which carried a maximum penalty of imprisonment in the penitentiary for a period
not to exceed ten years.

18

*Id.*

¶22.     Further, in review of Goss's sentence, this Court turned to precedent and sought once again to decipher the meaning of Section 47-7-33, in accordance with our interpretation of Section 47-7-33 in *Robinson*.  In so doing, we focused on *Robinson's* incorporation of the "suspended sentence" language into its holding and for the first time since the promulgation of the Probation Act in 1956, interpreted Section 47-7-33 in such a way as to forbid our trial courts from imposing a suspended sentence upon a prior convicted felon.[9]  In *Goss*, we relied on *Robinson* and stated:

> In *Robinson*, *we held the trial court suspended the defendant's sentence in violation of § 47-7-33 due to the defendant's prior felony conviction*. *Robinson*, 585 So.2d at 759.  The uncertainty in the instant case stems from the distinguishable fact that only part of Goss's sentence was suspended by the lower court rather than the entire sentence as in *Robinson*.  *We find that the wording of the statute not only restricts the courts' ability to place defendants with prior felony convictions on probation, but it also restricts their ability to wholly or partially suspend the sentence of a previously convicted felon*. Therefore, the lower court erred in sentencing Goss, a convicted felon, to serve seven years in the state penitentiary followed by a conditional three year suspended sentence.  Goss is simply not entitled to a suspended sentence in light of his prior conviction.

*Id.* at 146 (emphasis added).

¶23.     The unquestionable flaw in *Goss* is that it expanded the limiting language of Section 47-7-33, which applies to convicted felons, by replacing the specific language provided for by the Probation Act, which specifically limits a judges' ability to suspend a sentence *and* place a convicted felon on probation, with language that prevents judges from placing a convicted felon on probation *or* suspending the sentence.  This new interpretation in *Goss* changed the landscape of sentencing under

---

[9]In *Goss*, this Court acknowledged the legislative enactment of Miss. Code Ann. Section 47-7-34, but found the statute to be inapplicable since Goss's crime was committed prior to the effective date of Section 47-7-34.

19

Section 47-7-33 by prohibiting trial judges not only from imposing supervised probation on a convicted felon, but also from suspending a convicted felon's sentence, in whole or in part. We now find that *Goss's* interpretation of this statute was error. If the legislature had intended for the prior felony exception to apply to both instances where a judge is considering imposition of a 'straight' suspended sentence versus supervised probation, the legislature would have used the disjunctive 'or' to assure that the prior felony exception applied in both sentencing situations. Importantly, the legislature opted for the conjunctive "and", as opposed to "or", which evidences the legislature's intent that the prior convicted felon exception apply only when the sentencing judge seeks to suspend the imposition or execution of a sentence "and" place the defendant on probation under MDOC supervision.

¶24.    We again state for the sake of emphasis that suspending a sentence and imposing probation are distinct events; however, since the advent of *Goss*, appellate review under Section 47-7-33 has treated suspended sentences and probation as interchangeable sentencing mechanisms born of the same legislative act. In today's case, we are faced with a decision rendered by the Court of Appeals in which that Court has focused on the specific language of Section 47-7-33 and interpreted it to preclude a trial judge from suspending any part of a convicted felon's sentence. If today's case was outcome determinative solely on Section 47-7-33 and *Goss*, this Court's interpretation of Section 47-7-33 might be similarly restricted. However, since the legislature's enactment of Miss. Code Ann. Section 47-7-34 in 1995, we have been given the wherewithal to return sentencing discretion back to our trial judges. Moreover, in its enactment of Section 47-7-34 and the incorporation of a new section in the Probation Act, the legislature expressly answered any question of statutory

20

interpretation associated with the wording of Miss. Code Ann. Section 47-7-33(1).[10] Ultimately, by

promulgating Section 47-7-34, the legislature created a mechanism by which it could return the once

clear authority for criminal courts to sentence beyond the strict confines of either incarceration or

supervised probation and thus have returned to those courts, that which had at least been temporarily

taken away from them by *Goss*.

**B.      Miss. Code Ann. § 47-7-34:**

¶25.    With the passage of the legislation that created the Post-Release Supervision Program, the

legislature expressly restored the trial court's sentencing authority.   Moreover, the sentencing

mechanism set forth in Miss. Code Ann. Section 47-7-34 provides this Court with the statutory

impetus to uphold substantively proper sentencing, which might otherwise have been struck down

as "illegal" under Miss. Code Ann. Section 47-7-33(1).  Miss. Code Ann. Section 47-7-34 states:

> (1) When a court imposes a sentence upon a conviction for any felony committed
> after June 30, 1995, the court, in addition to any other punishment imposed if the
> other punishment includes a term of incarceration in a state or local correctional
> facility, may impose a term of post-release supervision. However, the total number
> of years of incarceration plus the total number of years of post-release supervision
> shall not exceed the maximum sentence authorized to be imposed by law for the
> felony committed.  The defendant shall be placed under post-release supervision
> upon release from the term of incarceration. The period of supervision shall be
> established by the court.
>
> (2) *The period of post-release supervision shall be conducted in the same manner as
> a like period of supervised probation, including a requirement that the defendant
> shall abide by any terms and conditions as the court may establish*.  Failure to
> successfully abide by the terms and conditions shall be grounds to terminate the
> period of post-release supervision and to recommit the defendant to the correctional

---

[10]It is not beyond the realm of possibility that the Legislature's enactment of Miss. Code Ann. Section 47-7-34 may have been in direct response to this Court's treatment of Miss. Code Ann. Section 47-7-33, although, admittedly, our decision in *Goss* was still three years in the making at the time of the enactment of Section 47-7-34.

facility from which he was previously released. *Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.*

(3) Post-release supervision programs shall be operated through the probation and parole unit of the Division of Community Corrections of the department. The maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the post-release supervision program is five (5) years.

Miss. Code Ann. § 47-7-34 (emphasis added).

¶26.    In *Miller v. State*, 875 So.2d 194 (Miss. 2004), this Court assessed the legislature's actions and noted the differences between the post-release supervision program codified under Section 47-7-34, and supervised probation as delineated under Section 47-7-33. Moreover, we recognized the legislature's express intent to return to the trial judges the sentencing discretion they had enjoyed under Section 47-7-33 in years past. *Miller* likewise acknowledged the distinct differences between Section 47-7-33 and 47-7-34. In *Miller*, the defendant was convicted of arson and sentenced to a one year term in the custody of the Mississippi Department of Corrections followed by a ten year term of supervised probation. *Miller*, 875 So.2d at 196. On appeal, the Court of Appeals affirmed the conviction but reversed and remanded for the limited purpose of correcting the sentencing terms. *Id*. On writ of certiorari, we affirmed the sentence as imposed by the trial court and held that the trial court was authorized by the applicable statutes to sentence the defendant to one year in the custody of MDOC, followed by ten years of probation, but limited by the five year maximum for MDOC supervision.[11] In so holding, we extrapolated the proper sentence from the trial judge's clear

[11]The exact sentence imposed by the trial judge was "one (1) year in the [MDOC] followed by supervised probation under the supervision of the [MDOC] for a period of ten (10) years or until the court in term time or the Judge in vacation shall alter, extend, terminate or direct the execution of the above sentence." *Miller*, 875 So.2d at 199.

sentencing intentions and the new directives provided by Miss. Code Ann. Section 47-7-34.

Accordingly, we stated:

> Thus it is clear that the trial judge was placing Miller on probation, but only five (5) years of which would be served under the supervision of the MDOC with the remaining five years being in essence "unsupervised probation." There is no doubt that Miller could not be required to serve more than five years by way of reporting to a MDOC probation officer (supervised probation), but upon release from the reporting requirements by the MDOC officer and/or the trial court, Miller no doubt could serve the remainder of his sentence by way of unsupervised probation. The sentence was not violative of Sections 47-7-33, 47-7-34 or 47-7-37.

*Id.* at 200.

¶27. Therefore, in reviewing the trial judge's sentence, we simply recognized the limitations of Section 47-7-33 as defined by **Goss** and addressed our sentencing statutes according to the express statutory directives provided by Miss. Code Ann. Section 47-7-34:

> Supervised probation and post-release supervision are totally different statutory creatures. Miss. Code Ann. § 47-7-33 provides for supervised probation, while Miss. Code Ann. § 47-7-34 provides for post-release supervision. At least two major differences in these two statutes are (1) supervised probation *may not* be imposed on a convicted felon while post-release supervision *may* be imposed on a convicted felon; and, (2) supervised probation is limited to five years while post-release supervision is not. Section 47-7-34 states inter alia that "the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed." While the statute unquestionably limits to five years the period of time that the MDOC may supervise an offender who is on post-release supervision, *the clear language of the statute does not limit the total number of years of post-release supervision to five years.*

*Id.* at 199 (emphasis added).

¶28. In 2005, we applied **Miller's** pronouncement to a case dealing with facts similar to today's case. In **Sweat v. State**, 912 So.2d 458 (Miss. 2005), the defendant, a prior convicted felon, pled guilty to conspiracy to manufacture methamphetamine and was sentenced to twenty years in the

23

custody of the MDOC, with twelve years suspended and five years of post-release supervision. *Sweat*, 912 So.2d at 459. On appeal, the Court of Appeals found the circuit court had committed error when it imposed a partially suspended sentence on Sweat. *Id*. Like *Miller*, we granted certiorari and took the opportunity to expound on a trial judge's sentencing discretion under Miss. Code Ann. Sections 47-7-33, -34:

> We have held that, while § 47-7-34 limits the term of post-release supervision to five years, convicted defendants may be sentenced to a longer term. However, they may only be required to report to MDOC officials for the statutory maximum period. *Miller*, 875 So.2d at 199-200 (trial judge may sentence a prior convicted felon to more than five years provided that the period of incarceration and post-release supervision do not exceed the maximum period of time allowed for the offense). The time period that extends beyond the five-year statutory maximum for post-release supervision becomes "unsupervised" post-release supervision. *Boddie v. State*, 875 So.2d 180, 182 n. 1 (Miss. 2004).

*Id.* at 460.

¶29.    As with *Miller*, in *Sweat* we deciphered the trial judge's sentencing intent and placed it in line with the mechanisms provided in Sections 47-7-33, -34 and -37. Importantly, we were not distracted by the "suspended sentence" language that has been so problematic over the last decade. Instead, we focused on the substance of the sentence as stated by the trial judge that "the Defendant be and he/she is hereby sentenced to serve a term of twenty years in custody of the Mississippi Department of Corrections at a facility to be designated by said department, that twelve years of said sentence shall be and the same is hereby suspended and that the defendant shall be placed under post-release supervision upon the release from the term of incarceration for a period of five years pursuant to Mississippi Code section 47-7-34 and said sentence is based upon the following conditions...." *Sweat*, 912 So.2d at 459-60. In the end, we found the trial court's sentence was not illegal, but we modified the language of the sentencing order and stated:

24

> Here, it is clear that the trial court sentenced Sweat under §47-7-34. Therefore, we modify the trial court's sentence so that following his eight years of incarceration, Sweat will be released to twelve years of post-release supervision but that he is required to report to MDOC officials for only five years and the remaining seven years will be "unsupervised" post-release supervision.

*Id.* at 460.

¶30. Essential to our modification of the trial court's sentence, we determined that while Section 47-7-34 limits the term of reporting (MDOC-sanctioned) post-release supervision to five years, convicted defendants may be sentenced to a longer term. *Id*. We further noted that "[t]he time period that extends beyond the five-year statutory maximum for post-release supervision becomes 'unsupervised' post-release supervision."[12] *Id.* (citing ***Boddie v. State***, 875 So.2d 180, 182 n.1 (Miss. 2004)). To reach this result, we simply acknowledged the obvious – that "unsupervised" merely means that the court would be monitoring Sweat during his term of "unsupervised" post-release supervision in lieu of the Mississippi Department of Corrections. Moreover, while the trial court is limited to the extent it can burden the Mississippi Department of Corrections with required supervision within the statutory maximum, the court is not so limited concerning the burden it may place on itself by way of monitoring a defendant's behavior while the defendant is serving a suspended sentence, "unsupervised" probation, or "non-reporting" post-release supervision.

¶31. Through the legislature's enactment of Section 47-7-34 and our holdings in ***Miller*** and ***Sweat***, the sentencing discretion formerly accorded to our trial courts has been returned. No longer can prior convicted felons take advantage of the statutory windfall which temporarily existed in Section 47-7-33 that allowed for felons to characterize what in effect was a more lenient sentence,

---

[12]"Unsupervised" post-release supervision is also known as "non-reporting" post-release supervision.

as being somehow an "illegal" sentence. *See, e.g.*, **Robinson v. State,** 836 So.2d 747 (Miss. 2002). Moreover, our appellate courts should recognize the intentions of our trial judges when they suspend a sentence and either impose probation under Section 47-7-33, or post-release supervision under Section 47-7-34. Thus, in reviewing the sentencing orders of our trial courts, we must be hereinafter cognizant of the fact that while the supervisory role of the MDOC is limited under both Sections 47-7-33 and -34, the supervisory role of our trial courts is not so limited.

¶32. For purposes of clarity, consistency and cohesion, we hold today that the circuit and county courts of this state have the power to suspend, in whole or in part, a convicted felon's sentence under Miss. Code Ann. Sentence 47-7-33 inasmuch as this Court and the legislature have empowered them to do so under Miss. Code Ann. Sentence 47-7-34, and to the extent that the practice has been historically ingrained in our criminal courts' sentencing practice. In this way, the appellate courts of this state should liberally read the Probation Act, as codified in 1956, along with the Post-Release Supervision Program, as codified in 1995, with an eye on the intentions of the trial courts, recognizing the trial courts' ability to monitor or supervise prior convicted felons beyond the five-year maximum period statutorily assigned to the MDOC.

### C. Judge Prichard's Sentencing Order:

¶33. With all of this having been said, we now turn to the specific facts of today's case. The relevant portion of Judge Prichard's sentencing order in Johnson's case states:

> [I]t is by the Court ORDERED AND ADJUDGED that the said JOHNNY JOHNSON be and he is hereby sentenced to serve a term of fifteen (15) years in the custody of the Mississippi State Department of Corrections, with said sentence to run consecutive to the sentence defendant is now serving, and pay all costs of Court in this case and in Case Nos.K2000-68P and K2000-69P, said payments to be made while on post-release supervision.

26

IT IS FURTHER ORDERED AND ADJUDGED that the defendant, Johnny Johnson, is to serve seven (7) years of said sentence in the custody of the Mississippi Department of Corrections under the provisions of Mississippi Code Section 47-5-138, as amended, and upon successful completion of the service of said seven (7) years, the remaining eight (8) years of the fifteen (15) year sentence be and the same are hereby suspended pursuant and in conformity with the Post-Release Supervision set out and authorized in Section 47-7-34 of the Mississippi Code of 1972, Amended and Annotated.

¶34.  The Court of Appeals found error in the trial judge's sentencing order and, as it had done in *Sweat*, specifically focused on the trial court's eight year suspension of Johnson's fifteen year sentence.  However, we note with deference that the Court of Appeals should have focused on the trial judge's invocation of Section 47-7-34 and this Court's clear interpretation of this statute.  Moreover, the Court of Appeals failed to consider the basic meaning of a "suspended sentence" as delineated in our decisions in both *Sweat* and *Miller* and, instead, applied the strict reading accorded to Section 47-7-33 based on our opinion in *Goss*.[13]  As evidenced by its most recent decisions concerning Sections 47-7-33, -34, the Court of Appeals has chosen to continue to rely on our holding in *Goss*.  With all due deference to the Court of Appeals, it erred in modifying Johnson's sentence when it failed to adopt our reading of Miss. Code Ann. Section 47-7-34, as expressly revealed in *Miller* and *Sweat*.  As such, the Court of Appeals removed the "suspended" portion of Johnson's sentence, replaced it with five years of post-release supervision, and considered the three years beyond the five years of post-release supervision as "surplusage."  The Court of Appeals noted:

---

[13]In the time since the Court of Appeals handed down it's opinion in Johnson's case, this Court handed down *Sweat*.  Even though *Sweat* was not handed down until after the COA opinion in *Johnson*, *Sweat* had been decided by the time the Court of Appeals denied the motion for rehearing in Johnson on November 1, 2005.  Regardless of *Sweat*, however, the Court of Appeals misinterpreted *Miller*.

27

Johnson had eight years of a fifteen year sentence suspended. As noted above, since the statute [47-7-34] that permits post-release supervision does not contain language authorizing suspending sentences, and another statute bars suspension of sentences to prior felons, no suspension should be given. However, there is no practical difference between what the trial judge did and what he should have done, which would have been to sentence Johnson to a seven year term of incarceration and a five year term of post-release supervision. We modify the sentence only to the extent that we remove as surplusage the giving of a fifteen year sentence with eight years suspended. In all other respects the sentence is affirmed, such that Johnson is to serve a term of incarceration of seven years in the custody of the Mississippi Department of Corrections, and then has a five year term of post-release supervision under the provisions of section 47-7-34.

*Johnson v. State*, 2004 WL 1557913, *2, ¶ 9 (Miss. Ct. App. 2004).

¶35. In modifying the trial court's original sentence, the Court of Appeals erroneously changed what in essence was a fifteen year sentence, with seven years to serve, followed by eight years of post-release supervision, to a sentence of seven years to serve, followed by five years of post-release supervision. The Court of Appeals thus ignored the clear intention of the trial judge to order a fifteen-year sentence, which included a term of incarceration, a maximum term of post-release supervision and a straight suspended term ("unsupervised" or "non-reporting" post -release supervision), and modified Johnson's fifteen year sentence by simply removing three years of the total sentence, calling it "surplusage."

¶36. This modification of the trial court sentence was error and in derogation of the clear intentions of the trial judge as delineated by Section 47-7-34. Clearly, the trial judge intended to impose a sentence of fifteen years when he stated in his sentencing order:

The violation of any one of the above enumerated conditions shall violate the terms and conditions of the defendant's Post-Release Supervision and the Court shall have the authority to revoke the defendant from Post-Release Supervision and remand him back into the custody of the Mississippi Department of Corrections to serve all of the remaining years left on his **fifteen (15) year sentence**.

(emphasis added). Moreover, clearly this intention is appropriately accomplished under Section 47-7-34, as we held in *Sweat*, 912 So.2d at 460-61.

¶37.    Today, we have accepted the Court of Appeals' invitation to further explain our decision in *Miller* (and *Sweat*) as applied to Sections 47-7-33, -34. Moreover, in an attempt to clarify and reconcile Sections 47-7-33, -34, -35 & -37, we have gone to great lengths to explain the puzzle which was created by our past interpretation of Section 47-7-33, but ultimately remedied by legislative enactment of Section 47-7-34. While there has been some question as to the various terms allocated to Sections 47-7-33, -34, such as suspension of sentence, supervised probation and post-release supervision, the fundamental purpose of these statutes, as well as their terms, are premised on the same principle – sentencing discretion. It follows that while there are specific limitations within these statutes, limitations exist because it is the legislature's duty to insure that the executive body charged with executing its statutes (specifically, the Mississippi Department of Corrections) does not become overburdened by the supervisory role conferred upon it. Moreover, it is important to understand that the legislature, in promulgating Miss. Code Ann. Sections 47-7-33, -34, -35 & -37 (initially codified under the Probation Act), did not intend to hamstring a trial judge's ability to mete out a fair and just sentence. Quite differently, by its enactments, it is obvious that the legislature recognized a trial judge's need to possess the discretion to impose sentences based on the individualized considerations of each case, such as the nature of the case, the history of the defendant, and the traditional sentencing considerations such as rehabilitation, separation from society, retribution, and deterrence, both general and specific.

¶38.    For these reasons, we find the circuit court did not impose an illegal sentence, or one which required appellate court modification; therefore, we are constrained to find that while the Court of

29

Appeals correctly found that Johnson's sentence (1) was not vindictive or harsh, (2) was not a denial of due process, and (3) was not disproportionate, the Court of Appeals, on the other hand, erred in finding the circuit court had improperly imposed a suspended sentence, thus requiring modification.

**CONCLUSION**

¶39.   Today, we return the legislatively intended sentencing discretion to our trial courts by clarifying that (1) Miss. Code Ann. Section 47-7-33 prohibits the imposition of a suspended sentence *and* supervised probation on a prior convicted felon; however, this statute does not prohibit the imposition of a suspended sentence, in whole or in part, upon a prior convicted felon, so long as the sentence does not involve a period of supervised probation and does not exceed the maximum penalty statutorily prescribed for the felony offense committed; (2) when a suspended sentence *and* supervised probation are properly imposed upon a first-offender under the provisions of Section 47-7-33, the period of supervision by the Mississippi Department of Corrections is limited to a maximum period of five years; (3) Miss. Code Ann. Section 47-7-34 does not prohibit the imposition of post release supervision upon a prior convicted felon, nor does this statute limit the period of post-release supervision to a period of five years; but instead, the period of post release supervision is limited only to the number of years, which when added to the total period of incarceration, would not exceed the maximum penalty statutorily prescribed for the felony offense committed; and, (4) importantly, the statutory limitation of five years applies only to that maximum period of post-release supervision which may be served under the supervision of the Mississippi Department of Corrections.  To the extent that our decision in *Goss v. State,* 721 So.2d 144 (Miss. 1998), is in conflict with today's decision, *Goss* is expressly overruled.

30

¶40. The practical effect of today's decision on Johnny Lee Johnson is that Circuit Judge R. I. Prichard, III imposed a valid and non-modifiable sentence upon Johnson when Judge Prichard sentenced Johnson, a prior convicted felon, to serve fifteen years in the custody of the Mississippi Department of Corrections, with seven years to be served by actual incarceration, and the remaining eight years to be suspended and served by way of post-release supervision pursuant to the provisions of Miss. Code Ann. Section 47-7-34, with five of the eight years to be served in accordance with "probation-like" terms under the supervision of the Mississippi Department of Corrections, pursuant to Miss. Code Ann. Sections 47-7-34, -35. While the Court of Appeals correctly found that Johnson's sentence (1) was not vindictive or harsh, (2) was not a denial of due process, and (3) was not disproportionate, the Court of Appeals erred when it modified Judge Prichard's lawful sentence to a sentence of seven years' incarceration followed by only five years of post-release supervision.

¶41. For these reasons, the judgment of the Court of Appeals is affirmed, in part, and reversed, in part, and the final judgment of the Circuit Court of Jefferson Davis County is reinstated and affirmed.

¶42. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART, AND THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY IS REINSTATED AND AFFIRMED. CONVICTION OF SALE OF A SCHEDULE II CONTROLLED SUBSTANCE (COCAINE- .1 GRAMS) AND SENTENCE OF FIFTEEN (15) YEARS, WITH SEVEN (7) YEARS TO SERVE AND EIGHT (8) YEARS SUSPENDED, WITH CONDITIONS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO THE SENTENCE APPELLANT IS NOW SERVING, AND PAY ALL COSTS OF COURT IN THIS CASE AND CASE NOS. K2000-68P AND K2000-69P, WITH PAYMENTS TO BE MADE WHILE ON POST-RELEASE SUPERVISION.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**