GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. On April 4, 2003, Franklin Ray Odom pleaded guilty to possession of precursor chemicals. Odom was sentenced to “thirty (30) yearsf] imprisonment, with eight (8) years served in the custody of the Mississippi Department of Corrections, and twenty-two (22) years suspended.”
 

 ¶ 2. On April 1, 2008, Odom submitted a motion for post-conviction collateral relief. Odom argued that he was not properly sentenced because a prior felon could not receive a suspended sentence.
 

 ¶ 3. On April 18, 2008, the trial court granted Odom’s motion and issued an order of “corrected judgment of conviction and sentence instanter.” The corrected judgment stated that Odom must serve “thirty years in the custody of the MDOC, provided, pursuant to Section 47-7-33 or Section 47-7-34 of the Mississippi Code of 1972, after having served a term of eight years in the custody of [the] MDOC, Odom shall be released and placed on supervised post-release supervision for a term of twenty-two years to commence upon his release from the custody of [the] MDOC.”
 

 ¶ 4. Mississippi Code Annotated section 47-7-33 (Rev.2004) prohibits a prior convicted felon from being eligible for a suspended sentence and placement on probation. The corrected sentence reads “47-7-33 OR 47-7-34.” Odom argues that section 47-7-34 (Rev.2004) allows a prior convicted felon to receive a sentence of up to five years of post-release supervision, which revokes any authority vested in the courts to give any suspended time. Odom appeals his corrected sentence.
 

 ANALYSIS
 

 ¶ 5. Odom’s sole issue on appeal is a question of law. When reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 ¶ 6. Mississippi Code Annotated section 47-7-34 provides that the maxi
 
 *1210
 
 mum amount of time the MDOC may supervise an offender on the post-release supervision program is five years. Odom argues that the twenty-two years of post-release supervision violates the maximum of five years of post-release supervision allowed by the statute.
 

 ¶ 7. The Mississippi Supreme Court addressed this very issue in
 
 Johnson v. State,
 
 925 So.2d 86 (Miss.2006). There, the court held that “while [s]ection 47-7-34 limits the term of repoi'ting (MDOC-sanctioned) post-release supervision to five years, convicted defendants may be sentenced to a longer term.”
 
 Id.
 
 at 102(¶ 30). The supreme court noted that the MDOC has the responsibility of monitoring the convicted felon for the first five years. “[T]he time period that extends beyond the five-year statutory maximum for post-release supervision becomes ‘unsupervised’ post-release supervision.”
 
 Id.
 
 (citation omitted). After the first five years, the MDOC’s responsibility to monitor the post-release supervision ends, and the court assumes the responsibility to monitor the remaining of the term of post-release supervision, or what is referred to as the “unsupervised post-release supervision.” Thus, a court may sentence a prior-convicted felon to more than five years of post-release supervision, provided the combined periods of incarceration and post-release supervision do not exceed the maximum sentence allowed for the offense.
 
 Miller v. State,
 
 875 So.2d 194, 199(¶10) (Miss.2004). We interpret the trial court’s modified sentence of twenty-two years on post-release supervision to mean five years of supervised post-release supervision and seventeen years of unsupervised post-release supervision.
 

 ¶ 8. Accordingly, we find no merit to this issue and affirm the trial court’s corrected judgment of conviction and sentence.
 

 ¶ 9. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT GRANTING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.