CARLSON, Presiding Justice,
specially concurring.
¶ 26. While I wholeheartedly concur in the majority opinion authored by Justice Dickinson, I write separately to briefly expand the discussion in the majority opinion on the critical issue before the Court. In Johnson v. State, 925 So.2d 86 (Miss.2006), this Court, in an 8-0 opinion, went to great lengths, once and for all and in one opinion, to explain the distinct differences between suspended sentences, supervised probation, and post-release supervision.
¶ 27. For the sake of brevity, based on the reasons articulated in Johnson, this Court should continue to recognize and respect the unique aspects of these separate and distinct sentencing mechanisms available to our trial judges. In today’s case, Mackey was not placed on probation. The trial judge imposed a thirty-year straight suspended sentence. Mackey was not ordered by the trial judge to be placed under the supervision of the Mississippi Department of Corrections. Mackey was not directed to report to a MDOC probation officer. There is nothing illegal about the trial judge’s imposition of a thirty-year suspended sentence. There is nothing illegal or improper with a trial judge imposing banishment as a condition of a sus *1168 pended sentence, supervised probation, or post-release supervision. Instead, in today’s case, we merely have found a lack of support in the record before us to justify the trial judge’s imposition of the banishment provision as a condition of Mackey’s suspended sentence. Since the trial judge’s order revoking Mackey’s suspended sentence is based solely on the “violation” of the banishment provision of Mack-ey’s suspended sentence, the revocation order must be reversed, as noted by the majority.
¶ 28. With this being said, I concur in today’s majority opinion.
WALLER, C.J., DICKINSON, LAMAR AND CHANDLER, JJ„ JOIN THIS OPINION.